[No. 3341-1.    Division One.    March 1, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. VERN LESLIE HERD, *Appellant.*

*Lee Covell* of *Seattle-King County Public Defender*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Douglas B. Whalley, Deputy*, for respondent.

ANDERSEN, J.—

FACTS OF CASE

A jury found Vern Leslie Herd guilty of the crime of

murder in the first degree in connection with the stabbing death of June Yonekawa on a downtown Seattle street the evening of May 26, 1974.

Herd was tried together with one Michael Wayne Kimball who had been charged with aiding and abetting the killing and who also was found guilty of murder in the first degree. Herd and Kimball brought separate appeals to this court. This opinion relates to Herd's appeal only.

The facts of the crime are detailed in our opinion in the case of the codefendant, Kimball. *State v. Kimball,* 14 Wn. App. 951, 546 P.2d 1217 (1976).

This much only need be added as to Herd. A passerby saw him stabbing a woman and chased, caught, and held him for the police. Herd was seen to pass the knife to his accomplice (later identified as Kimball) who escaped temporarily, taking the knife with him. The stains found on Herd's shirt were identified as blood of the same blood type as that of the victim, June Yonekawa.

This appeal is by Herd (hereinafter the "defendant") from the judgment and life sentence imposed by the trial court.

## ISSUE

The sole issue on this appeal is whether the trial court committed reversible error when it refused to grant the defendant's motion for a separate trial.

## DECISION

CONCLUSION. Although testimony of out-of-court admissions made by the defendant's accomplice was admitted into evidence, and related in part to the defendant, the refusal to grant separate trials did not constitute error. The nature of such testimony and the protections afforded by the trial court's protective order were sufficient to satisfy the requirements of both the United States Constitution and this state's Superior Court Criminal Rules.

Formerly in this state the granting of separate trials to defendants charged with committing the same crime was almost entirely discretionary with the trial court. RCW

10.46.100; *State v. Parker*, 74 Wn.2d 269, 271, 444 P.2d 796 (1968); *State v. Sluder*, 11 Wn. App. 8, 12, 521 P.2d 971 (1974).

Two major developments have affected the amount of discretion reposing in the trial court when separate trials are requested in a criminal case.

One is the *"Bruton* rule" enunciated in *Bruton v. United States*, 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620 (1968). In *Bruton* the confession of a codefendant who did not take the stand was used in a federal prosecution. The United States Supreme Court there held that even though the trial judge had instructed the jury not to consider the codefendant's confession in determining the guilt of Bruton, Bruton had been denied his civil rights under the confrontation clause of the sixth amendment to the United States Constitution.

In reversing Bruton's conviction, the Supreme Court reasoned that since Bruton's codefendant did not take the stand, he could not be cross-examined, and that " 'a major reason underlying the constitutional confrontation rule is to give a defendant charged with crime an opportunity to cross-examine the witnesses against him.' " *Bruton v. United States, supra* at 126.

Since the confrontation clause of the Sixth Amendment is applicable in state trials, by reason of the due process clause of the Fourteenth Amendment, the *Bruton* rule also applies to state prosecutions. *Harrington v. California*, 395 U.S. 250, 252, 23 L. Ed. 2d 284, 89 S. Ct. 1726 (1969).

The other major development in the law as it relates to separate trials was the adoption in this state of the Superior Court Criminal Rules effective July 1, 1973. One such rule, CrR 4.4, deals with both the severance of defendants and the severance of offenses. That rule is essentially the one proposed by the *ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Joinder and Severance* §§ 2.2, 2.3 (Approved Draft, 1968) to avoid just such problems as arose in *Bruton*, and to provide more

definite standards for determining when severance should be ordered. *Washington Proposed Rules of Criminal Procedure* 52 (1971).

In this case the defendant timely moved for a separate trial. His motion was grounded on the anticipated testimony of witnesses to admissions by his codefendant Kimball and which he feared would implicate him. The defendant's pretrial motion was denied as was his later renewal of that motion during the trial.

At the trial two State's witnesses testified to oral admissions made by the codefendant Kimball to them. Those statements were made out of the defendant's presence, were not within any of the exceptions to the hearsay rule and were thus inadmissible against the defendant although they did relate to him. The trial court permitted the testimony of the witnesses to come in after admonishing the jury that it was not to consider such testimony except as it pertained to the codefendant Kimball. The court also instructed the two witnesses not to refer to the defendant when they testified as to what Kimball had told them and to use the phrase "another person" whenever they would otherwise have referred to the defendant by name. The two witnesses followed the trial court's admonition and at no time was the defendant's name mentioned in their testimony as to what Kimball had admitted to them.

The defendant argues that based on these facts, and the further circumstance that the codefendant Kimball did not testify and thus could not be cross-examined, he had been denied his Sixth Amendment right of confrontation and under the *Bruton* rule this court should reverse his conviction. He further argues that CrR 4.4(c) pertaining to severance of defendants[1] mandated the trial court to grant him a

---

[1] **(c) Severance of Defendants.**

"(1) A defendant's motion for severance on the ground that an out-of-court statement of a codefendant referring to him is inadmissible against him shall be granted unless:

"(i) The prosecuting attorney elects not to offer the statement in the case in chief.

separate trial and that the trial court erred in refusing to do so.

█ When the prosecution has evidence of an inadmissible out-of-court statement of a codefendant which refers to the defendant, and the defendant timely moves for a separate trial, the prosecution must elect to: (1) abandon the statement as evidence; (2) offer the statement in evidence only after deleting all references to the moving defendant, if the trial court determines that such deletion will eliminate any prejudice to the defendant from the admission of the statement; or (3) try the moving defendant separately. CrR 4.4(c) (*see* footnote 1); *ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Joinder and Severance, supra* at 37.

The second alternative which was chosen here is undoubtedly the one which will be preferred by the prosecution in the majority of the cases since under this alternative the statements of a codefendant can be used against the codefendant without incurring the problems attendant upon separate trials.[2] The defendant contends, however,

"(ii) Deletion of all references to the moving defendant will eliminate any prejudice to him from the admission of the statement.

"(2) The court, on application of the prosecuting attorney, or on application of the defendant other than under subsection (i), should grant a severance of defendants whenever:

"(i) if before trial, it is deemed necessary to protect a defendant's rights to a speedy trial, or it is deemed appropriate to promote a fair determination of the guilt or innocence of a defendant; or

"(ii) if during trial upon consent of the severed defendant, it is deemed necessary to achieve a fair determination of the guilt or innocence of a defendant.

"(3) When such information would assist the court in ruling on a motion for severance of defendants, the court may order the prosecuting attorney to disclose any statements made by the defendants which he intends to introduce in evidence at the trial." CrR 4.4(c).

[2]Separate trials have never been favored in this state. *See State v. Ferguson*, 3 Wn. App. 898, 906, 479 P.2d 114 (1970). Nothing in CrR 4.4(c) has changed this.

Some of the generally acknowledged reasons behind this policy are expressed in the dissenting opinion of Justice White in *Bruton v. United States*, 391 U.S. 123, 143, 20 L. Ed. 2d 476, 88 S. Ct. 1620 (1968):

Unquestionably, joint trials are more economical and minimize the burden on witnesses, prosecutors, and courts. They also avoid delays

that the trial court was wrong when it held in effect that the use of the words "another person" by the State's witnesses would eliminate any prejudice to the defendant.

One of the witnesses in question testified that the co-defendant Kimball admitted to being downtown on the night of the murder and that he didn't have his knife because he had "lent it." The other testified Kimball had walked downtown with "another person," gave his knife to him, was there when the stabbing occurred, then took the knife and left. The latter witness testified that Kimball later changed his story and told him that he had done the stabbing himself. Defense counsel, quoting language from *Harrington v. California, supra,* argues that this testimony "made it as clear as pointing and shouting" that the person referred to by these witnesses was the defendant.

We disagree. As the trial court said in overruling defendant's post-trial motions:

> There were statements entered in evidence that clearly applied to defendant Kimball. The statements referred to the defendant Herd. However, at the time of trial the defendant Herd's name was not mentioned and the word "another" was substituted. The statements that were made by Kimball referring to "another" were made to friends not to the police. The statements were not extensive and the primary purpose of the statements were [sic] to incriminate the defendant, the co-defendant Kimball. There were four young men involved in this case, that is, that were — who were mentioned in the evidence, one of the young men other than the two defendants testified in court. The other young man was not at trial and I suppose it must be considered that at least inferentially either one of those persons could be the "another".

The testimony concerning the codefendant's statements,

in bringing those accused of crime to trial. This much the Court concedes.

A further dimension is added to the problem in this jurisdiction where defendants must be brought to trial within the strict time limitations imposed by CrR 3.3 or the case against them will be dismissed with prejudice. CrR 3.3(b); *State v. Williams,* 85 Wn.2d 29, 32, 530 P.2d 225 (1975).

although important, did form a relatively small portion of the State's case. It involved some eight answers to questions asked of two of the State's eleven witnesses and was obviously aimed at tying the codefendant to the crime. The trial court had all of the witnesses, defendants, and jury before it and heard all of the testimony. The trial court also carefully considered and reconsidered this precise issue and in effect determined that the deletion of all references to the defendant in the witnesses' testimony eliminated any prejudice to the defendant. On the basis of our independent examination of the record, we are unable to say that the trial court in so ruling violated either the *Bruton* rule or the requirements of CrR 4.4(c) (*see* footnote 1).

█ Furthermore, the testimony concerning the codefendant's extrajudicial statements so far as it may possibly have related to the defendant was cumulative of the overwhelming and largely uncontroverted evidence of the defendant's guilt that was properly before the jury. It is difficult to envision a much stronger murder case against a defendant than as here where an eyewitness, who had a clear view of the crime being committed and the person doing it, then gave chase and caught him—and where the blood stains on the defendant's clothing matched the blood type of the victim. Even if it were to be considered that the defendant's right to confrontation had been denied him by the testimony in question, it would nevertheless under the facts of this case be harmless error. *Harrington v. California*, 395 U.S. 250, 23 L. Ed. 2d 284, 89 S. Ct. 1726 (1969); *Brown v. United States*, 411 U.S. 223, 36 L. Ed. 2d 208, 93 S. Ct. 1565 (1973); *State v. Braun*, 82 Wn.2d 157, 165, 509 P.2d 742 (1973).

Affirmed.

JAMES and SWANSON, JJ., concur.

Petition for rehearing denied August 31, 1976.