**Vern Leslie HERD,
Petitioner-Appellant,**

*v.*

**Larry KINCHELOE and Kenneth Eikenberry, Respondents-Appellees.**

**No. 85–3918.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 1986.

Decided Sept. 30, 1986.

Before WRIGHT, TANG and REINHARDT, Circuit Judges.

## OPINION *

TANG, Circuit Judge:

Herd appeals the district court's dismissal of his federal habeas corpus petition under 28 U.S.C. § 2254 (1982) challenging his 1974 conviction for first degree murder and sentence to life imprisonment. Herd contends the state trial court committed constitutional errors in (1) issuing an intent instruction violative of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) and (2) refusing to sever his trial from that of his co-defendant in violation of *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and he further contends that neither error can be considered harmless. We affirm.

## BACKGROUND

The state charged Herd and his co-defendant Kimball by information with first degree murder in a stabbing death which occurred in 1974. An eyewitness saw Herd grab a woman from behind, knock her down and strike her while pulling at her purse strap. The witness stopped Herd at gunpoint, returned him to the place where the victim lay, and turned him over to police officers.

Herd's attorney moved to sever his trial from Kimball's because the State's introduction of Kimball's out-of-court statements referring to Herd and to their joint plans to commit a robbery would violate the confrontation clause of the sixth amendment. The trial judge ruled that there would be no prejudice to Herd after ordering that all references to Herd's name would be stricken.

Herd's defense consisted of the testimony of a bank security guard who had been near the scene of the stabbing that he saw a man he could not identify leaving the scene, and the testimony of a woman who

David R. Wohl, Seattle, Wash., for petitioner-appellant.

Paul Silver, Olympia, Wash., for respondents-appellees.

---

\* The Opinion originally filed June 30, 1986 was ordered withdrawn on July 24, 1986.

had been with Herd earlier in the afternoon that they had been drinking beer, smoking marijuana, and using cocaine.

The trial judge instructed the jury that it could find Herd guilty of first degree murder on either of two theories: that he had a premeditated design to kill the victim or that he killed her while committing a robbery. The judge also gave the jury an intent instruction which stated "the law presumes that every man intends the natural and probable consequences of his own acts."

The jury convicted Herd of first degree murder, with a special finding that he was armed with a deadly weapon. On his direct appeal Herd raised only the *Bruton* error and the Washington Court of Appeals affirmed his conviction in *State v. Herd*, 14 Wash.App. 959, 546 P.2d 1222 (1976), *review denied*, 88 Wash.2d 1005 (1977). In a later personal restraint petition denied by the Washington Court of Appeals on September 29, 1983 and denied review by the Washington Supreme Court on January 20, 1984, Herd raised other issues which were then incorporated in his § 2254 petition to the federal district court. The district court denied his petition and Herd has timely appealed on the basis of the alleged *Sandstrom* and *Bruton* errors.

## DISCUSSION

### I. Sandstrom Error

#### A. *Standard of Review*

 We review a district court's decision on a petition for a writ of habeas corpus *de novo*. *Weyandt v. Ducharme*, 774 F.2d 1491, 1492 (9th Cir.1985); *Chatman v. Marquez*, 754 F.2d 1531, 1533–34 (9th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 124, 88 L.Ed.2d 101 (1985). The district court's holding that the constitutional error in giving the *Sandstrom* instruction was harmless error is a mixed question of law and fact which we review *de novo*. *Fendler v. Goldsmith*, 728 F.2d 1181, 1190 n. 21 (9th Cir.1983).

#### B. *Harmless Error in the Context of a Sandstrom Instruction*

 The Supreme Court recently decided that the harmless error doctrine applies to a *Sandstrom* instruction that impermissibly shifts the burden of proof. *Rose v. Clark*, —— U.S. ——, 106 S.Ct. 3101, 3107, 92 L.Ed.2d 460 (1986). The district court here, relying on *McGuinn v. Crist*, 657 F.2d 1007, 1009 (9th Cir.1981), *cert. denied*, 455 U.S. 990, 102 S.Ct. 1614, 71 L.Ed.2d 850 (1982), decided that the *Sandstrom* error was harmless because intent was not a disputed issue in the trial. We note that the district court followed the two-step analysis we first announced in *In re Hamilton*, 721 F.2d 1189, 1191 (9th Cir.1983), and explained in *Hagler v. Callahan*, 764 F.2d 711, 714 (9th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 3334, 92 L.Ed.2d 739 (1986). The *Hamilton-Hagler* rule required first a determination whether intent was disputed and second whether, if disputed, the error was harmless. *Hagler*, 764 F.2d at 714. This formulation does not survive *Rose*, because *Rose* overrules our holding that if intent was disputed "the error cannot be harmless." *Hagler*, 764 F.2d at 714. Under *Rose*, whether intent was disputed or not, the *Sandstrom* instruction must be evaluated under the harmless error doctrine. "Harmless error cases do not turn on whether the defendant conceded the factual issue on which the error bore." *Rose*, 106 S.Ct. at 3109. Harmless error analysis determines "whether the evidence was so dispositive of intent that a reviewing court can say beyond a reasonable doubt that the jury would have found it unnecessary to rely on the presumption." *Id.* (quoting *Connecticut v. Johnson*, 460 U.S. at 97 n. 5, 103 S.Ct. at 973 n. 5 (Powell, J., dissenting)).

Stated more generally, a district court must review the entire record, and assess the weight of the evidence to determine "whether [it] can conclude 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Hagler*, 764 F.2d at 715 (quoting *Chapman v. California*, 386 U.S. 18, 24,

87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967)). Here the court said, because an eyewitness saw Herd walk behind the victim, grab her from behind, strike her several times with a knife and pull at her purse strap, it was "unlikely that any reasonable juror could have found that Herd was the person who committed the acts causing the death without also finding beyond a reasonable doubt that he did so intentionally." The court did not find the brief testimony of alcohol and drug consumption persuasive evidence that Herd was incapable of forming the requisite intent. Because the court applied the appropriate legal standard we affirm its decision that the *Sandstrom* error was harmless.

## II. Bruton Error

### A. *Standard of Review*

We review the district court's ruling on Herd's *Bruton* challenge *de novo* because it is a mixed question of law and fact. *See Fendler,* 728 F.2d at 1190 n. 21.

### B. *The District Court's Analysis*

■ The district court held that the review of a denial of severance is particularly limited and that a petitioner must show he was prejudiced to the point his trial was fundamentally unfair. The court further held that the trial judge's decision will be sustained unless there is an abuse of discretion, citing *Panzavecchia v. Wainwright,* 658 F.2d 337 (5th Cir.1981). *Panzavecchia,* however, dealt with an ordinary motion to sever based on a claim of prejudice under Fed.R.Crim.P. 14. 658 F.2d at 341. The broad discretion of a trial judge and the requisite showing by a petitioner of extreme prejudice does not obtain in a case such as the one at bar, in which the denial of severance resulted in the deprivation of the specific constitutional guarantee of a right of confrontation. *Jenkins v. Bordenkircher,* 611 F.2d 162, 168 (6th Cir.1979), *cert. denied,* 446 U.S. 943, 100 S.Ct. 2169, 64 L.Ed.2d 798 (1980).

### C. *The Error and the Redacting Procedure*

The record shows that out-of-court statements of a codefendant who did not testify at trial were admitted and that they implicated Herd. This raises the classic problem of *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The State argues that the trial judge's order to remove all references to Herd by name sufficed to cleanse the testimony so that there was no *Bruton* error. The State cites numerous cases in which courts in other circuits have approved this redacting procedure. *See, e.g., United States v. Madison,* 689 F.2d 1300, 1309 (7th Cir. 1982), *cert. denied,* 459 U.S. 1117, 103 S.Ct. 754, 79 L.Ed.2d 971 (1983). The district court was apparently of the same view even though it noted the procedure did not remove all possibility of prejudice.

### D. *Harmless Error*

■ The preferred analysis in this circuit is to acknowledge that denial of severance in Herd's case was *Bruton* error, and then to consider whether the error was harmless. In *United States v. Guerrero,* 756 F.2d 1342, 1348 (9th Cir.), *cert. denied, sub nom, Booth v. U.S.* and *Kessler v. U.S.,* 469 U.S. 934, 105 S.Ct. 334, 83 L.Ed.2d 270 (1984), we noted that *Bruton* violations do not require reversal "if the other evidence of guilt was overwhelming and the prejudice to the defendant from his co-defendant's admission slight by comparison." In this case, it was the eyewitness testimony which was most damaging to Herd, so the *Bruton* error was harmless under the *Guerrero* standard.

## CONCLUSION

Because both the *Sandstrom* and *Bruton* errors withstand harmless error analysis, the judgment and order of the district court is

AFFIRMED.