Bernard Anthony Ybarra, in pro per.

Office of the Atty. Gen., Carson City, Nev., for respondents.

**Bernard Anthony YBARRA, Petitioner,**

v.

**Charles L. WOLFF, Jr., et al.,
Respondents.**

**CV–R–78–126–ECR.**

United States District Court,
D. Nevada.

March 16, 1987.

ORDER

EDWARD C. REED, Jr., Chief Judge.

On July 30, 1985, this Court granted the petitioner's request for a federal writ of habeas corpus under 28 U.S.C. § 2254. The basis for the issuance of the writ was that the petitioner's conviction for murder in 1975 was secured as the result of an instruction that shifted to him the burden of proof on the issue of self-defense. The law at that time indicated that any shifting of the burden of proof on an element of the crime was impermissible. *See Patterson v. New York*, 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977); *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). The Court therefore granted the petition. The respondents appealed this order to the Ninth Circuit.

After the petition issued, the United States Supreme Court handed down *Rose v. Clark*, —— U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). In that case, the Court held that use of burden shifting instructions was no longer automatically erroneous. *Id.*, at 3106. Instead, the Court found that such error may in certain cases be harmless beyond a reasonable doubt. *Id.* Therefore, the Court concluded that all burden shifting instructions must also be subjected to a harmless error analysis before the writ may issue. *Id.* The Ninth Circuit followed quickly in suit with *McKenzie v. Risley*, 801 F.2d 1519 (1986), and *Herd v. Kincheloe*, 800 F.2d 1526 (1986). Those cases echoed the requirement of *Rose* that all such error be submitted to harmless error analyses.

In view of these cases, this Court, on October 21, 1986, transmitted its notice of

willingness to reconsider its previous order. In view of this notice, the Ninth Circuit remanded the case to this Court for the limited purpose of the harmless error determination in light of *Rose, McKenzie* and *Herd.* Because the Court finds, after a careful review of the record, that the error in this case was not harmless beyond a reasonable doubt, the petition for a writ of habeas corpus should still be granted.

The facts and procedural history of the case are fully stated in the Court's earlier order, and need not be reiterated in detail here. Suffice it to say that a jury instruction was used at the petitioner's trial which impermissibly shifted to him the burden of proving self-defense. The actual instruction stated that "[t]he burden of proving circumstances which might justify or excuse the killing of another is upon the defendant, but the defendant need not prove such circumstances beyond a reasonable doubt." Until recently, as noted above, such instructions were usually reversible error.

In *McKenzie v. Risley, supra,* pg. 44, however, the Ninth Circuit established that cases involving burden shifting instructions must also be subjected to a harmless error analysis. In that case, the petitioner had been convicted of first degree murder. The instructions used at trial included an impermissible *Sandstrom* instruction, which shifted to the petitioner the issue of intent. The petitioner sought federal habeas relief from the district court, but that court denied the petition. That court found that, even though the *Sandstrom* error was clearly present, the error was harmless beyond a reasonable doubt. *Id.,* at 1523.

The Ninth Circuit upheld the lower court, in accordance with *Rose v. Clark, supra,* pg. 44. Initially, the court noted that the *Rose* case established the fact that shifting the burden of proof on intent is not so basic to a fair trial that it is always harmful. *Id.,* at 1524 (*citing Rose, supra,* pg. 44, 106 S.Ct. at 3107). In addition, the court found that the crucial inquiry is not whether intent had been a disputed issue at trial. *Id.,* (*citing Rose, supra,* pg. 44, 106 S.Ct.

at 3109). The crucial issue, the court concluded, is " 'whether, "on the whole record ... the error ... [is] harmless beyond a reasonable doubt." ' " *Id., (quoting Rose, supra,* pg. 44).

In making the harmless error determination, the court decided that two questions must be answered. First, the court must determine whether the jury found that the relevant predicate facts of the crime existed beyond a reasonable doubt. Second, the court must decide whether intent could be inferred from those facts so that no reasonable juror could find that the petitioner committed the acts without intending to cause the injury. *Id.,* at 1525. If both questions are answered in the affirmative, then the fact that the burden of proof on intent was shifted is irrelevant, and any resulting error harmless.

In that case, the court found that the petitioner had committed the relevant predicate facts of the crime beyond a reasonable doubt. Indeed, the petitioner had never denied or disputed the fact that he had kidnapped and killed the victim. His defense at trial rested primarily on the traditional insanity defense, as well as the diminished capacity defense. *Id.* From these predicate facts, the court found that no reasonable juror could find that the petitioner had committed the relevant act without intending to kill the victim. The evidence of the murder indicated that the victim had been raped and beaten severely at the time of her death. A segment of rope had been found about the victim's neck which had been severely restricted for 45 minutes before her death. This caused the victim's airway to compress into her lungs. Additionally, several blows to the side of the victim's head had left the entire side of the head open. "It would defy common sense," the court found, "to conclude that a violent torture murder, such as the one committed in this case, was committed unintentionally." *Id.,* at 1526 (*citing Rose, supra* pg. 44, 106 S.Ct. at 3108 n. 10). On this basis, the court concluded that any error created by the *Sandstrom* instruction was harmless beyond a reasonable doubt.

In this case, however, it appears that the burden shifting instruction was not harmless beyond a reasonable doubt. As an initial matter, it is clear that under Nevada law, the state carries the burden of proof on the issue of self-defense. Nevada statutes define murder as the "unlawful killing of a human being, with malice aforethought, either express or implied...." NRS § 200.010. Malice is subsequently defined as "that deliberate intention unlawfully to take away the life of a fellow creature, which is manifested by external circumstances capable of proof." NRS § 200.020. Both the definition of murder and malice under Nevada law require the prosecutor to show that the killing was done unlawfully, and without any justification, such as self-defense. *See Kelso v. State,* 95 Nev. 37, 588 P.2d 1035, 1039 (1979), *cert. denied,* 442 U.S. 921, 99 S.Ct. 2846, 61 L.Ed.2d 289 (1979). In Nevada, therefore, the state must also bear the burden on self-defense, in that unlawfulness is an element of the crime itself. As noted in *Patterson, supra,* pg. 44, and *Winship, supra,* pg. 44, such shifting of the burden of proof on an element of the crime is erroneous.[1]

It also appears that the error in this case was not harmless beyond a reasonable doubt. Under the first plank of the *McKenzie* test, the jury did find that the petitioner had committed the predicate facts of this crime. In fact, the petitioner never contested the fact that he had shot and killed the victim in this case. His primary contention at trial was that he had acted out of self-defense, and that his killing was therefore lawful.

The second plank of the *McKenzie* test does not lend itself easily to application in this case, as the *McKenzie* instruction involved intent, not self-defense. A modified test would require the Court to determine whether no rational juror, after finding that the petitioner had committed the relevant predicate facts could find that the petitioner had committed those acts in the exercise of self-defense. Upon examination of the entire record, it appears that a rational juror could possibly find that the petitioner acted in self-defense in this case.

Initially, evidence given at trial indicated that the victim and the petitioner had been drinking heavily at a party in Carson City

---

**1.** In the recent case of *Martin v. Ohio,* — U.S. ——, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987), the Supreme Court appeared to soften the rule of *Winship* and *Patterson* that the issue of self-defense may not be shifted to the defendant. In that case, the petitioner had killed her husband after a heated argument in which he had struck her in the face. The only issue raised at trial was the petitioner's claim of self-defense. *Id.* The trial judge in the state court instructed the jury that the petitioner bore the burden of proving self-defense. Petitioner was convicted. The Supreme Court upheld this conviction finding that the state could shift the burden of proof on self-defense in some circumstances. *Id.,* at ——, n. 1, 107 S.Ct. at 1104, n. 1. The jury in this case had been instructed that it must find each of the elements of the crime to have been proved by the state by a reasonable doubt. *Id.,* at ——, 107 S.Ct. at 1101–02. To constitute murder under Ohio law, the Court found, the petitioner must " 'purposely, and with prior calculation and design, cause the death [of the victim]....' " *Id., (citing Martin v. State,* 21 Ohio St.3d 91, 94, 488 N.E.2d 166, 168 (1986)). Under Ohio law, the Court concluded, unlawfulness is not an element of the offense which the state must prove by disproving self-defense. *Id.,* —— U.S. at ——, 107 S.Ct. at 1103, *(citing White v. Arn,* 788 F.2d 338, 346–47 (6th Cir.1986); *State v. Morris,* 8 Ohio App.3d 12, 18–19, 455

N.E.2d 1352, 1359–60 (1982)). By shifting the burden of proof on self-defense in this case, the Court decided that the Ohio court had not burdened the petitioner with an element of the offense, because, under Ohio law, self-defense is an affirmative defense, and not part of the crime itself. Although the Court noted that all but two states (Ohio and South Carolina) include "unlawfulness" within their definition of murder, it further noted that there is no constitutional compulsion to do so. The Court therefore upheld the petitioner's conviction. Although the *Martin* decision is confusing in several respects, the only way to read it consistently with *Patterson* (which *Martin* specifically finds to be fully intact *Id.* —— U.S. at —— n. 1, 107 S.Ct. at 1104 n. 1) is to find that where the state does not include "unlawfulness" in the definition of murder, it is not unconstitutional to shift the burden of self-defense to the petitioner. Conversely, in states, such as Nevada, where "unlawfulness" is part of the definition of murder, it is unconstitutional to shift the burden of proof on self-defense to the defendant, because this requires the defendant to bear the burden on an element of the crime. The classic statement of *Winship* and *Patterson,* which *Martin* does not overrule, prohibits the state from forcing this burden onto the defendant.

on the night of the shooting. The two had quarreled outside afterwards and had almost come to blows. The trial transcript also shows that the victim had physically and sexually assaulted the petitioner in a car on the way from Carson City back to Reno. Whereas this physical assault had ended at the time of the shooting, it is possible that it would strengthen the fear of imminent repeat attack in the mind of a reasonable person. In addition, the trial evidence indicated, that upon return to Reno, the petitioner had ordered the victim to leave his home, and that the victim refused to do so. At that point in time, the victim apparently lunged at the petitioner in an attempt to gain possession of the revolver in the petitioner's hand. It seems possible that a reasonable juror could conclude that a reasonable person would have been under fear of imminent bodily harm or death under those circumstances. In view of this evidence, the Court finds that the burden shifting instruction of the issue of self-defense was not harmless, in view of the analysis set out above.[2]

THE COURT THEREFORE SPECIFICALLY FINDS AND HOLDS that the burden shifting instruction employed by the state at the petitioner's trial constituted error that was not harmless beyond a reasonable doubt. The instruction in this case deprived the petitioner of his constitutional rights, and the petition for the writ of habeas corpus was properly granted in the first instance.

IT IS, THEREFORE, HEREBY ORDERED that the Court's finding in this order shall be transmitted to the Court of Appeals for the Ninth Circuit, in accordance with the mandate of that court.

---

2. The result would be the same under prior Ninth Circuit formulations of the harmless error test. *See Herd v. Kincheloe, supra,* pg. 44, at 1528 (question is whether evidence was so dispositive that a reviewing court can say beyond a reasonable doubt that the jury would have found it unnecessary to rely on the presumption). In this case, the Court cannot say that the evidence regarding the lack of self-defense is so dispositive that it is clear beyond a reasonable doubt that the jury would have found it unnecessary to rely upon the presumption created by the instruction. As noted above, there was substantial evidence of self-defense at trial. In view of this evidence, it seems quite probable that a juror would have found it necessary to rely on the presumption created by the instruction in order to decide that self-defense was not present. *See also People v. Garrido,* 752 F.2d 1378, 1380 (9th Cir.1985) (reasonable possibility that the error materially affected the verdict); *United States v. Reed,* 726 F.2d 570, 575 (9th Cir.1984), *cert. denied,* 469 U.S. 871, 105 S.Ct. 221, 83 L.Ed.2d 151 (1984); *United States v. Herbert,* 698 F.2d 981, 987 (9th Cir.1983), *cert. denied,* 464 U.S. 821, 104 S.Ct. 87, 78 L.Ed.2d 95 (1983).