951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Helmut "Bill" BUBBEL, Defendant-Appellant.
 No. 90-10503.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 20, 1991.
Dec. 19, 1991.
 
 1
 Before ALARCON and T.G. NELSON, Circuit Judges, and PRICE, District Judge*
 
 
 2
 MEMORANDUM**
 
 
 3
 Helmut "Bill" Bubbel (Bubbel), appeals from the judgment of conviction following a jury trial. Bubbel was found guilty of conspiracy to import marijuana in violation of 21 U.S.C. § 963, and conspiracy to commit interstate travel in aid of racketeering in violation of 18 U.S.C. § 371. On appeal Bubbel raises five contentions:
 
 
 4
 1. The district court acquitted Bubbel of conspiracy to import drugs from Colombia; therefore, the jury's verdict subjected Bubbel to double jeopardy.
 
 
 5
 2. Co-defendant's opening statement and closing argument resulted in Bruton violations denying Bubbel his right to cross-examine the witnesses against him.
 
 
 6
 3. The district court abused its discretion by denying Bubbel's motion to sever his trial.
 
 
 7
 4. Bubbel was denied his right to effective assistance of counsel because his trial counsel misunderstood the nature of the charges against him.
 
 
 8
 5. Bubbel's right under the sixth amendment to be informed of the nature and cause of the accusation against him was violated.
 
 
 9
 We conclude that each of these contentions lack merit and affirm.
 
 DISCUSSION
 1. Double Jeopardy Claim
 
 10
 Bubbel contends that at the conclusion of the Government's case in chief, the district court acquitted him of any involvement in the conspiracy to import marijuana from Colombia. As a result, he argues that when the judge instructed the jury on the charge concerning the conspiracy to import marijuana from "Colombia, and elsewhere," he was subjected to double jeopardy.
 
 
 11
 We review de novo the denial of a motion to dismiss for a violation of the double jeopardy clause. United States v. Goland, 897 F.2d 405, 408 (9th Cir.1990). Bubbel did not move to dismiss this matter on double jeopardy grounds, accordingly we must review this claim for plain error. See United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir.1986) (when no objection is made at trial, review on appeal is for plain error).
 
 
 12
 "A plain error is a highly prejudicial error affecting substantial rights." Reversal of a criminal conviction on the basis of plain error is an exceptional remedy, which we invoke only when it appears necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process.
 
 
 13
 Id. (quoting, United States v. Giese, 597 F.2d 1170, 1199 (9th Cir.), cert. denied, 444 U.S. 979 (1979)).
 
 
 14
 On July 13, 1990, at the conclusion of the Government's case, Bubbel made several motions including a motion for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. On July 17, 1990, the district court heard arguments on these motions. The district court first ruled on Bubbel's motion for a determination that "as a matter of law he withdrew from the alleged conspiracy on February 20th of 1986." The court denied Bubbel's motion on the grounds that it was for the jury to decide whether there was sufficient evidence to indicate that Bubbel withdrew from the conspiracy after the failure of the effort to smuggle marijuana from Asia. In explaining the basis for its ruling, the district court stated: "In that regard, [the jury] will consider the credibility of the pilots, whether or not they believe the pilots when they say Mr. Bubbel had nothing to do with the subsequent conspiracy. That's for the jury to decide."
 
 
 15
 The next issue considered by the district court was Bubble's motion for acquittal under Rule 29. The Government argued that there was only one conspiracy which involved the use of the DC-6 to import marijuana from Asia and Colombia. The defense argued that if a single conspiracy was charged, then, "there is no evidence showing Mr. Bubbel's intent to import marijuana from Colombia." The district court ruled as follows:
 
 
 16
 Before the court is Defendant Bubbel's Rule 29 motion for judgment of acquittal on Counts IV and V, insofar as the indictment refers to the conspiracy to import marijuana from, quote, "Colombia and elsewhere," unquote.
 
 
 17
 The fact there is no evidence that Mr. Bubbel participated in a conspiracy to import marijuana from Colombia is not essential to the adequacy of the allegations in the indictment. It is an allegation of general nature, allegation (sic) specifically confirmed the acquisition of the DC-6 aircraft, the plans to fly to Southeast Asia, the off-loading sites, and preparations for Alaska, all of which refer to the overall conspiracy.
 
 
 18
 The issue for a court on a Rule 29 motion is to determine whether there is sufficient evidence on which a jury could return a verdict of guilty. And certainly in this particular case there is sufficient evidence to withstand the Rule 29 motion.
 
 
 19
 And it is denied.
 
 
 20
 Bubbel argues "that the court's midtrial ruling of no evidence to support appellant BUBBEL's involvement insofar as Counts II and III [IV and V of superseding indictment] refer to the conspiracy to import marijuana from Colombia constitute an acquittal of those charges. The submission to the jury allowing conviction despite the lack of evidence placed appellant in Double Jeopardy and denied Due Process." Brief of Appellant at 13.
 
 
 21
 We disagree. The district court did not "acquit" Bubble of anything. Instead, in denying his motion for the entry of a judgment of acquittal on the charge that Bubbel conspired to import marijuana from "Colombia and elsewhere", the district court explained that there was sufficient evidence to go to the jury on the question of whether Bubbel had withdrawn from the conspiracy prior to the plot to import drugs from Colombia. Because Bubbel was not acquitted of any charge by the district court, he was not subjected to double jeopardy.
 
 2. Alleged Bruton Violation
 
 22
 Bubbel second contention is that the attorney for his co-defendant, Thomas Gary Smith, violated the rule established in Bruton v. United States, 391 U.S. 123 (1968), during his opening statement and closing arguments. We review allegations of Bruton error de novo. Herd v. Kincheloe, 800 F.2d 1526, 1529 (9th Cir.1986). As Bubbel made no objections to the opening statement or closing argument, we review this claim for plain error.
 
 
 23
 Bubbel asserts that it was Smith's trial strategy "to confess his guilt as to both of the counts in which he was jointly charged with appellant BUBBEL for the purpose of establishing credibility with the jury, and then focusing his defense on the more serious [Continuing Criminal Enterprise] charges." As a result, he argues that he "was denied his constitutional right to confront and cross examine the witness against him and was denied a fair trial by co-defendant Smith's admission of the two jointly charged conspiracy counts."
 
 
 24
 A Bruton violation occurs when at a joint trial, an out of court admission of the co-defendant which implicates the defendant is admitted into evidence. The harm occurs when:
 
 
 25
 the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial. Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect, a fact recognized when accomplices do take the stand and the jury is instructed to weigh their testimony carefully given the recognized motivation to shift blame onto others. The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination. It was against such threats to a fair trial that the Confrontation Clause was directed.
 
 
 26
 Bruton, at 135-36 (footnotes omitted).
 
 
 27
 The only portion of the record relied upon by Bubbel in support of his Bruton claim is the opening statement and closing argument presented by Smith's attorney. The Government correctly responds that this case involves neither evidence of an out of court admission, nor statements of Smith implicating Bubbel in the conspiracy as required by Bruton. Bubbel has failed to cite to any authority applying Bruton to the argument of counsel for a co-defendant. Bubbel has failed to demonstrate from this record that a highly prejudicial error resulted in a miscarriage of justice.
 
 3. Motion to Sever Trials
 
 28
 Bubbel asserts that the district court erred in denying his motion to sever his trial from that of his co-defendant Smith. He argues that Smith presented an antagonistic defense, and that admission of evidence pertaining to Smith's operation of a Continuing Criminal Enterprise unduly prejudiced Bubbel by association. We review for abuse of discretion a district court's denial of a motion to sever under Rule 14 of the Federal Rules of Criminal Procedure. United States v. Plache, 913 F.2d 1375, 1378 (9th Cir.1990).
 
 
 29
 The Government responds that this issue has been waived on appeal due to Bubbel's failure to renew his motion at the close of evidence. Bubbel concedes that he did not renew his motion at the close of all the evidence, but argues that he fits within one of the exceptions set forth in Plache to the requirement that the motion to sever be renewed at the close of all the evidence.
 
 
 30
 In Plache, the appellant made three motions for a severance. The first was made before trial, the second "early in the trial, and the third at the close of the Government's case in chief." 913 F.2d at 1378. In affirming the conviction, we stated that it was unnecessary to review the merits of Plache's claim "because Plache did not renew his motion to sever at the close of all trial evidence. Failure to do so generally waives appellate review." Id. We explained our ruling in Plache on the following passage:
 
 
 31
 In United States v. Kaplan, 554 F.2d 958, 965 (9th Cir.), cert. denied, 434 U.S. 956 (1977), we identified two exceptions to the requirement of renewal to preserve appellate review: " the motion accompanies the introduction of evidence deemed prejudicial and a renewal at the close of all evidence would constitute an unnecessary formality." Neither of these two exceptions has been shown to apply here.
 
 
 32
 Without any supporting authority, Plache contends this issue was not waived because he renewed a motion to sever at the close of the Government's case in chief. This is not the law of our circuit.
 
 
 33
 913 F.2d at 1379 (citations omitted).
 
 
 34
 Like the appellant in Plache, Bubbel made a motion to sever before trial. Bubbel filed no other motion for a severance. Instead at the end of the Government's case in chief, he filed a document entitled "MOTION TO DISMISS COUNTS IV AND V OF INDICTMENTS." A footnote on the first page of that document states: "Although this motion is brought as a motion to dismiss, it also reinstates our motion to sever defendants under Rule 14 of the Federal Rules of Criminal Procedure. The arguments in the motion to sever would be identical, and at this point, a severance equates to a dismissal."
 
 
 35
 In submitting the above motion to the court on July 13, 1990, Bubble's counsel orally described the motion before the court as a request for an order of dismissal. No reference was made during argument to a motion to sever. The district court heard oral argument on the motion to dismiss on July 17th. Bubbel's counsel did not discuss the reinstated motion to sever. Bubbel's cursory reinstatement of his motion to sever at the close of the Government's case in chief did not accompany the introduction of evidence deemed prejudicial. Because the motion was not renewed at the close of the presentation of all the evidence some four trial days later, the severance issue was waived on this appeal.
 
 
 36
 4. Alleged Ineffective Assistance of Counsel
 
 
 37
 Bubbel asserts that he received inadequate assistance of counsel during his trial. He argues that his defense counsel misunderstood the nature of the charges against him and, as a result, conceded that Bubbel was involved in the Asia conspiracy.
 
 
 38
 Bubbel has the burden of establishing that (1) counsel's performance fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced the defense such that he was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Id. at 689.
 
 
 39
 Bubbel did not raise the issue of ineffective assistance of counsel before the district court. In United States v. Wagner, 834 F.2d 1474 (9th Cir.1987), we held that an ineffectiveness of counsel claim should not be considered on direct appeal, where the appellant asserts that counsel's trial strategy was inadequate, unless counsel's ineffectiveness is so obvious that it is not necessary to develop facts outside the trial record. Id. at 1482-83. Under such circumstances, the trial court's failure to take notice of the problem sua sponte " ' "might constitute plain error which may be considered on direct appeal." ' " Id. at 1482 (quoting United States v. Kanzi, 576 F.2d 238, 242 (9th Cir.1978) (quoting United States v. Porter, 431 F.2d 7, 11 (9th Cir.), cert. denied, 400 U.S. 960 (1970))).
 
 
 40
 Bubbel contends that "the entire defense theory was based on counsel's view that the events prior to February 20, 1986, were irrelevant since the indictment only charged BUBBEL with conspiracy to import from Columbia [sic], which is an issue the Government had effectively conceded." Brief of Appellant at 27. Bubbel argues that it was clear from the indictment and the court proceedings that in fact he was charged "with having conspired to smuggle from Southeast Asia as well as from Colombia.... To interpret the Indictment in any other manner falls below constitutionally required standards of competence."
 
 
 41
 Bubbel has failed to demonstrate from this record that counsel's performance fell below the constitutional threshold. The only portion of the record that Bubbel cites in support of his claim that counsel was ignorant of the meaning of the charges is an isolated excerpt from his counsel's closing argument. It should be noted that the closing argument was 56 pages long and that the quoted portion in the brief groups together one two-sentence paragraph, and one sentence from a different page altogether. Put into context, counsel argued that even if Bubbel was a participant in the conspiracy to smuggle marijuana from Southeast Asia, this constituted an entirely separate conspiracy from the charged conspiracy to smuggle drugs from "Colombia, and elsewhere". The jury was instructed that if they found that Bubble was a member of a conspiracy not charged in the indictment then, the jury "must find the defendant not guilty, even though that defendant may have been a member of some other conspiracy."
 
 
 42
 Bubbel has failed to overcome the presumption that counsel's argument constituted sound trial strategy. The record does not support a finding that counsel's arguments were so erroneous that the trial court's failure to take notice sua sponte of the alleged ineffectiveness constituted plain error.
 
 5. Notice of Charges
 
 43
 In his final claim, Bubbel asserts that since his defense counsel misunderstood the charges against him, he was denied his sixth amendment right "to be informed of the nature and cause of the accusation" against him. As discussed in section IV, Bubbel has failed to establish on this record that counsel was working under any misapprehension concerning the nature and scope of the charges contained in the indictment. Bubbel did not present this issue to the trial court. Therefore we review this claim for plain error.
 
 
 44
 "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of ... for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974). Bubbel does not assert that the indictment was inadequate to provide the requisite notice, or that the district court failed to provide him with a copy of the indictment as required by Rule 10 of the Federal Rules of Criminal Procedure. Indeed, in section IV of his brief, Bubbel repeatedly states that the indictment was "clear" as to the charges against him, and that in addition "at many points in the proceedings the defense attorneys were given notice of the charge by sources other than the charging document." Brief of Appellant at 28, 30. Bubbel also asserts in his brief that "[i]n response to various defense motions the government repeatedly provided information as to what its indictment alleged...." Brief of Appellant at 30. Appellant's brief also quotes instances in which the district court provided notice as to the nature of the charges against Bubbel. Brief of Appellant at 31.
 
 
 45
 Bubbel has failed to demonstrate from this record that "it should have been abundantly clear to the trial judge that the defendant misunderstood the offense for which he was on trial and, therefore, was not properly informed as to the nature and cause of the accusation and, therefore, did not present a meaningful defense to the crime that was charged." Brief of Appellant at 39. Bubbel's claim that his sixth amendment right to notice was violated is without merit.
 
 
 46
 AFFIRMED.
 
 
 
 *
 The Honorable Edward Dean Price, Senior United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3