69 F.3d 546
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmy WILLIAMSON, Petitioner-Appellant,
v.
Charles D. MARSHALL, Respondent-Appellee.
 No. 95-15200.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Williamson appeals the district court's denial of his habeas corpus petition, challenging his convictions of burglary, kidnapping, false imprisonment, rape and sodomy in concert, assault with a deadly weapon and receiving stolen property. He contends that: (1) the prosecutor used peremptory challenges to exclude minority prospective jurors; (2) he received ineffective assistance from his trial and appellate counsel; (3) the prosecutor committed misconduct at trial amounting to a denial of due process; (4) the evidence is insufficient to support his convictions on several counts; (5) the trial court's rejection of his motion for severance was a denial of due process; (6) the trial court's rejection of his motion for a new trial based on alleged newly discovered evidence was a denial of due process; (7) the trial court's rejection of his motion to dismiss for the failure of the police to preserve serological evidence was a denial of due process; and (8) the cumulative effect of the trial errors and misconduct amounted to a denial of due process and equal protection. We have jurisdiction under 28 U.S.C. Sec. 2253 and we affirm.
 
 ANALYSIS
 
 3
 We review de novo the district court's denial of a petition for habeas corpus. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We may affirm on any ground supported by the record even if it differs from the rationale of the district court. Bonin v. Calderon, 59 F.3d 815, 823 (9th Cir.1991).
 
 
 4
 1. Discriminatory Use of Peremptory Challenges
 
 
 5
 Williamson argues that the prosecution used peremptory challenges to exclude minorities from the jury. A court's findings of fact concerning racially discriminatory use of peremptory challenges are reviewed for clear error. United States v. Koon, 34 F.3d 1416, 1439-1440 (9th Cir.1994). To prove discriminatory use, the defendant must show he is a member of a racial group capable of being singled out for differential treatment and must make a prima facie showing that the peremptory challenges were used inappropriately. Batson v. Kentucky, 476 U.S. 79, 93-94 (1986). If he makes such a showing, the prosecution must articulate a nondiscriminatory reason related to the case at bar for challenging the potential juror. Id. at 98.
 
 
 6
 The trial judge found that Williamson made the requisite prima facie showing. Yet the prosecutor expressed neutral, nondiscriminatory reasons for striking the jurors. He said he excused one juror because she had difficulty responding to some basic questions, and another because the juror's wife had been the victim of a sexual assault. He said he dismissed a third because he thought this juror reacted negatively to the dismissal of another juror whom he knew. A fourth was dismissed because she thought she knew the defendant. He said he dismissed a fifth because she lived in the area where the crimes were committed and because she "glared" at him. He dismissed two more jurors because he thought they were lacking in life experiences. The district court did not err in finding that the prosecutor met his burden of showing nondiscriminatory reasons for challenging the jurors.
 
 
 7
 As for Williamson's argument that the jury did not represent a fair cross-section of the community, we agree with the district court that he waived this claim by failing to raise it in the trial court.
 
 2. Ineffective Assistance of Counsel
 
 8
 Williamson contends that he was denied effective assistance of counsel. We review this claim de novo. Sanchez v. United States, 50 F.3d 1448, 1456 (9th Cir.1995). To succeed on such a claim, Williamson must demonstrate that his attorney's performance was deficient and that this deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-90 (1984).
 
 
 9
 Williamson argues that he was denied effective assistance because his trial attorney failed to make a timely Wheeler motion objecting to the prosecution's use of peremptory challenges. See People v. Wheeler, 22 Cal.3d 258, 583 P.2d 748 (1978). Although the attorney's late motion could be considered deficient performance, the trial judge denied the motion not because it was late, but because it was without merit. Williamson suffered no prejudice as a result of the untimely motion and we deny this claim of ineffective assistance.
 
 
 10
 Williamson also argues that he was denied effective assistance because his appellate attorney did not pursue an ineffective assistance claim with respect to trial counsel's untimely Wheeler motion. As explained above, however, his trial counsel's performance did not amount to ineffective assistance. His appellate counsel's decision not to raise a meritless claim of ineffective assistance cannot itself be construed as ineffective assistance. Featherstone v. Estelle, 948 F.2d 1497, 1507 (9th Cir.1991) ("trial counsel's performance, although not error free, did not fall below the Strickland standard. Thus, petitioner was not prejudiced by appellate counsel's decision not to raise issues that had no merit."). Williamson was not denied effective assistance by his appellate attorney.
 
 3. Prosecutorial misconduct
 
 11
 Williamson contends that the prosecutor engaged in misconduct at trial in violation of due process. "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips, 455 U.S. 209, 219 (1982). The conduct must be examined to determine "whether, considered in the context of the entire trial, that conduct appears likely to have affected the jury's discharge of its duty to judge the evidence fairly." United States v. Simtob, 901 F.2d 799, 806 (9th Cir.1990).
 
 
 12
 Williamson argues that the prosecutor asked leading questions, engaged in argumentative cross-examination, asked questions that could not be rebutted by the defense, engaged in improper closing argument, argued about a defense objection in front of the jury, improperly "mocked defense counsel and petitioner," argued personal opinion and speculated on the evidence. As conceded by Williamson, however, the trial court sustained objections to virtually all of the alleged instances of misconduct. See Turner v. Marshall, 63 F.3d 807, 818 (9th Cir.1995) (rejecting claim of denial of fair trial on basis of leading questions where judge sustained objections to the questions). Other alleged instances are not supported by the record. Given that the overall evidence in the case supported a finding of guilt, we find that the alleged misconduct was insufficient to render the trial fundamentally unfair. No due process violation resulted from the alleged misconduct.
 
 4. Sufficiency of the Evidence
 
 13
 Williamson contends that there was insufficient evidence to convict on counts 3-13, 35, 36, 50 and 54-58. Sufficient evidence exists to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). In habeas cases we presume that the state court's findings of fact are correct unless the petitioner establishes that the fact-finding process was deficient in one of the ways specified in 28 U.S.C. Sec. 2254(d).[1] Williamson has made no such showing. Upon reviewing these findings we conclude that a rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt on the basis of the state court's findings of fact. The evidence was sufficient to support the conviction with respect to these counts.
 
 5. Denial of Defendant's Motion to Sever
 
 14
 Williamson argues he was denied due process when the trial court denied his motion to sever various counts. Improper joinder of claims is a constitutional violation "only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." United States v. Lane, 474 U.S. 438, 446 n. 8 (1986). A trial court has broad discretion in ruling on severance motions. Herd v. Kincheloe, 800 F.2d 1526, 1529 (9th Cir.1986). The relevant factors in a severance determination are judicial economy and prejudice. U.S. v. Lewis, 787 F.2d 1318, 1320 n. 3 (9th Cir.1986). The test is whether joinder is so manifestly prejudicial that it compels the exercise of the trial court's discretion to sever. Id. at 1321.
 
 
 15
 Williamson concedes that he carries the burden of establishing a clear showing of prejudice arising from the denial of the motion to sever. We agree and find that his ambiguous speculations on the effect of the joinder of the charges do not amount to a clear showing of prejudice, especially in light of the judicial economy arising from joinder of so many related charges. The trial court's denial of his motion to sever was not a denial of due process.
 
 6. Denial of Motion for New Trial
 
 16
 Williamson claims that the trial court violated his right to due process when it denied his motion for a new trial based on newly discovered evidence relating to several counts of conviction. To obtain habeas relief on the basis of newly discovered evidence, Williamson must show that the evidence would probably produce an acquittal. Quigg v. Crist, 616 F.2d 1107, 1112 (9th Cir.1980), cert. denied, 449 U.S. 922 (1980). Here, the alleged newly discovered evidence is evidence of criminal activities of one of the government's witnesses, which Williamson argues could have been used to impeach the witness. Williamson does not explain specifically what this evidence is, or how impeachment of the witness would produce an acquittal of several charges. He has not made the requisite showing to support this claim.
 
 
 17
 7. Failure of Police to Preserve Serological Evidence
 
 
 18
 Williamson contends that the failure of the police to preserve serological evidence relating to his conviction of sexual assault amounted to a denial of due process. But the failure to preserve potentially useful evidence does not constitute a denial of due process unless the defendant can show bad faith on the part of law enforcement. Arizona v. Youngblood, 488 U.S. 51, 58 (1988). Williamson has not made the requisite showing of bad faith and we therefore reject this claim.
 
 
 19
 8. Denial of Due Process by the Cumulative Effect of the Errors
 
 
 20
 Williamson argues that the cumulative effect of the alleged errors and misconduct discussed above deprived him of due process. Because there is no merit to any of his claims, there is no cumulative effect amounting to a denial of due process.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Under this provision the state court's factual determinations are presumed to be correct unless the applicant establishes: "(1) that the merits of the factual dispute were not resolved in the State court; (2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing, (3) that the material facts were not adequately developed at the State court hearing; (4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding; (5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding; (6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or (7) that the applicant was otherwise denied due process in the State court proceeding; (8) or unless that part of the record of the State court proceeding in which determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record...." 28 U.S.C. Sec. 2254(d)