**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10471 |
| Plaintiff - Appellant, | D.C. No. 5:08-cr-00938-JW-2 |
| v. | |
| JAMIE HARMON, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted February 12, 2013
San Francisco, California

Before: FARRIS, THOMAS, and N.R. SMITH, Circuit Judges.

The United States appeals the district court's grant of Defendant Jamie

Harmon's motion for a new trial. We have jurisdiction under 28 U.S.C. § 1291.

We conclude that the district court abused its discretion, and we reverse. Because

the parties are familiar with the facts, we need not recount them here.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

I

We review for abuse of discretion the district court's grant of a new trial under Federal Rule of Criminal Procedure 33. *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211–12 (9th Cir. 1992). An error of law is an abuse of discretion. *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009) (en banc). Whether a district court's jury instructions "omitted or incorrectly described an element of [a criminal] offense" is a question of law and is reviewed de novo. *United States v. Thongsy*, 577 F.3d 1036, 1040 (9th Cir. 2009). Likewise, a district court's determination that an instructional error at trial prejudiced a defendant is a mixed question of law and fact that this Court reviews de novo. *See Herd v. Kincheloe*, 800 F.2d 1526, 1528 (9th Cir. 1986).

II

"Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a). This harmless error rule applies to the district court's consideration of motions for a new trial. *See* Fed. R. Crim. P. 52(a) advisory committee's note. It also applies to the omission of an element from jury instructions. *Neder v. United States*, 527 U.S. 1, 15 (1999).

The district court correctly concluded that it erred in failing to instruct the jury that the government had to prove, as an element of the 18 U.S.C. §

1956(a)(1)(B)(i) money laundering offense charged in counts three through seven, that someone engaged in unlawful activity as specified in 18 U.S.C. § 1956(c)(7) and that Harmon's alleged financial transactions involved the proceeds of that unlawful activity. *See United States v. Alghazouli*, 517 F.3d 1179, 1189 (9th Cir. 2008). However, the district court did not consider whether its error was harmless, as it was required to do under Rule 52(a) and *Neder*. Instead, the district court simply assumed that its error deprived Harmon of a fair trial. This alone was legal error, and relying upon that legal error in deciding to grant Harmon a new trial was an abuse of discretion. *See Hinkson*, 585 F.3d at 1260.

Even if the district court had properly applied the harmless error analysis, the instructional error would not have warranted a new trial because it was harmless. "An error in misdescribing or omitting an element of the offense in a jury instruction is harmless if it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" *Thongsy*, 577 F.3d at 1043 (quoting *Neder*, 527 U.S. at 18). Here, there was overwhelming evidence showing that a theft of goods from an interstate shipment took place and that the laundered funds were the proceeds of that theft. *See Neder*, 527 U.S. at 17; *Thongsy*, 577 F.3d at 1043. Moreover, Harmon never challenged this evidence. *See Neder*, 527 U.S. at 19; *United States v. Driggers*, 559 F.3d 1021, 1025 (9th

-3-

Cir. 2009). Indeed, her principal defense was that she had no knowledge that the funds came from unlawful activity, not that the funds did not derive from unlawful activity or that unlawful activity never took place. Under these circumstances, there is no reasonable doubt that a rational jury would have found Harmon guilty if the district court had properly included the specified unlawful activity element in the jury instructions. *See Thongsy*, 577 F.3d at 1043; *see also Driggers*, 559 F.3d at 1025.

## III

The district court's failure to instruct the jury on the "specified unlawful activity" element was error. However, the error was harmless. In failing to take the harmlessness of its instructional omission into consideration, the district court committed a legal error, and therefore abused its discretion in ordering a new trial on the basis of its faulty instructions.

**REVERSED.**