Ernest Lee **RUFF**, Plaintiff–Appellant,

v.

Larry **KINCHELOE**, et al., Defendants–Appellees.

No. 85–4354.

United States Court of Appeals, Ninth Circuit.

Argued Aug. 5, 1987.

Submitted Aug. 28, 1987.

Decided April 8, 1988.

David S. Teske, Teske and Associates, Seattle, Wash., for plaintiff-appellant.

John Scott Blonien, Asst. Atty. Gen., Dept. of Corrections, Olympia, Wash., for defendants-appellees.

Before CANBY, REINHARDT and BEEZER, Circuit Judges.

REINHARDT, Circuit Judge:

Ernest Ruff, a Washington state prisoner, appeals from the district court's denial of his *habeas corpus* petition. Ruff claims that three jury instructions tainted his 1975 trial for murder and arson, violating his fourteenth amendment rights. Ruff contends, in addition, that the district court was unable to evaluate his *habeas* petition properly because the record it relied on was incomplete.

Ruff was charged with setting fire to his brother's house by pouring gasoline on the house and lighting it. The fire resulted in the death of the brother's two children. A jury convicted Ruff on two counts of first degree murder and one count of first degree arson. He is currently serving a prison term of twenty years to life.

Ruff filed, *pro se*, a petition for *habeas corpus*, 28 U.S.C. § 2254. Ruff challenged, among other matters, three jury instructions used in his 1975 trial: first, the instruction that "the law presumes that every man intends the natural and probable consequences of his own acts," *see Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); second, the instruction that "the state is not required to prove to you affirmatively that no ... cause or justification exists" as a defense to the charge of first-degree murder, *see Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); and third, the trial court's instruction on aiding and abetting. Neither party supplied the district court with the complete state court trial transcript or the clerk's record.[1] On cross-motions for summary judgment, the court granted the state's motion and entered

judgment for the state. The district court held that the trial court erred with respect to at least one of the jury instructions, but that any errors were harmless.

On appeal, Ruff reasserts his challenge to the trial court's jury instructions, and he also claims that the record before the district court was insufficient for it to decide his petition. Since we decide on the basis of the *Sandstrom* issue that the district court's judgment must be reversed and the case remanded, we do not reach the legality of the other two jury instructions.

The State admits that the *Sandstrom* instruction was unconstitutional, but contends that the instruction was harmless error. In *Sandstrom v. Montana*, the Supreme Court held that the instruction, "the law presumes that a person intends the ordinary consequences of his voluntary acts," violated the fourteenth amendment's requirement that the prosecution prove every element of a criminal offense, including intent, beyond a reasonable doubt. The Court held that the instruction created a presumption that shifted the burden of proof on the issue of intent to the defendant. 442 U.S. at 524, 99 S.Ct. at 2459. In *Sandstrom*, the Court expressly declined to decide whether the giving of this instruction would ever constitute harmless error. *Id.* at 526–27, 99 S.Ct. at 2460–61.

The Supreme Court has recently held that this particular constitutional error "is not 'so basic to a fair trial' that it can never be harmless." *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 3107, 92 L.Ed.2d 460 (1986). The question in a harmless error inquiry is whether the error complained of "might have contributed to the conviction," *Fahy v. Connecticut*, 375 U.S. 85, 86–87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171 (1963). In other terms, the inquiry is whether the instruction "possibly influenced the jury adversely to the litigant," *Chapman v. California*, 386 U.S. 18, 23, 87 S.Ct. 824, 828, 17 L.Ed. 2d 705 (1967).

■ The issue we must consider is under what conditions the district court could find

---

1. The state supplied the district court with some parts of the record: transcripts of parts of Ruff's

trial testimony, the testimony of an eyewitness, and the closing remarks of counsel.

that the constitutional error at Ruff's trial was harmless. It is clear from Supreme Court decisions that a constitutional error can only be found harmless after review of the entire record. *See United States v. Hasting,* 461 U.S. 499, 509 n. 7, 103 S.Ct. 1974, 1981 n. 7, 76 L.Ed.2d 96 (1983) ("*Chapman* mandates consideration of the entire record prior to reversing a conviction for constitutional errors that may be harmless...."); *id.* at 510, 103 S.Ct. at 1981 ("We turn, then, to the question whether, on the whole record before us, the error identified by the Court of Appeals was harmless beyond a reasonable doubt."); *see also Rose v. Clark,* 106 S.Ct. at 3109; *Chapman v. California,* 386 U.S. at 23–24, 87 S.Ct. at 828. If, once constitutional error is found, a court must look at the entire record to decide that the error *was not* harmless, it would seem obvious that the court would have to be at least as thorough before deciding that such an error *was* harmless.[2] We accepted this position in *Herd v. Kincheloe,* 800 F.2d 1526, 1528 (9th Cir.1986), where we explicitly stated that in deciding whether a *Sandstrom* error is harmless, a district court "must review the entire record".

The state argues that it was not necessary that the district court have the entire record before it in order to decide the issue of harmless error, as long as it had the relevant portions of the record. That position is no longer available after *United States v. Hastings, supra,* and *Herd v. Kincheloe, supra.* The state further asserts that "the court had [at least] some of the relevant portions of the record before it," and that the petitioner had not certified any further sections of the record for the court's scrutiny.[3] The state cites *Austad v. Risley,* 761 F.2d 1348 (9th Cir.) (en banc), *cert. denied,* 474 U.S. 856, 106 S.Ct. 163, 88 L.Ed.2d 135 (1985), and *Reiger v. Christensen,* 789 F.2d 1425 (9th Cir.1986), for the proposition that a petitioner in a *habeas corpus* proceeding bears some of the responsibility of bringing the relevant material before the court.

The state misreads our prior cases. In *Austad,* we concluded that under 28 U.S.C. § 2254(d), (e), the district court had no duty *sua sponte* to obtain and examine state court exhibits unless the *habeas* petitioner is unable to produce the record. *Austad,* 761 F.2d at 1351–54. However, in subsequent cases, we limited the holding in *Austad* to cases which involved only review of state court factual determinations. *Chaney v. Lewis,* 801 F.2d 1191, 1194 (9th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1911, 95 L.Ed.2d 516 (1987); *Reiger,* 789 F.2d at 1428–29, 1435 n. 7. The statute governing federal *habeas* petitions requires that when a petitioner challenges a trial court's factual determinations, those factual determinations shall be presumed to be correct and the petitioner carries the burden of production. 28 U.S.C. § 2254(d), (e). Both *Reiger* and *Chaney* held, however, that those provisions do not apply when the petitioner's challenge relates to a legal question or a mixed question of law and fact. *Chaney,* 801 F.2d at 1193–95; *Reiger,* 789 F.2d at 1428–29, 1435 n. 7.

The legal issue—the constitutionality of the *Sandstrom* instruction—has been conceded by the state. The issue of whether the constitutional error committed by giving the *Sandstrom* instruction was harmless error is a mixed question of law and fact. *Herd v. Kincheloe,* 800 F.2d at 1528. We have held that when considering mixed questions of law and fact, a district court has a duty *sua sponte* to obtain the state

---

**2.** Even if this conclusion were not correct, as a matter of procedure it would seem logical that a district court which can only find that an error was *not* harmless if it had the entire record before it should review the entire record whenever it considers the issue of whether a constitutional error was harmless. As the court does not know in advance whether it will conclude that the error was harmless, it makes no sense for the court not to have the entire record. A court with less than a full record would be forced to rule for the government or face certain reversal.

**3.** The dissent assumes that all portions of the state-court record relevant to the issue of intent were before the district court, dissent op. at 1244–45, and that also appears to be the position of the state. However, Ruff contests that conclusion.

court record and to conduct a "complete and independent review" of that record. *Chaney,* 801 F.2d at 1194–95.

The statement that a district court should review "relevant portions of the state court record" for mixed questions of law and fact in *habeas* petitions, *Reiger v. Christensen,* 789 F.2d 1425, 1429 (9th Cir. 1986), does not support a contrary conclusion. First, *Reiger,* which involved an ineffective assistance of counsel claim, defined "relevant portions" as including "the trial transcript." *Id.* at 1428. Second, *Reiger* did not involve the issue of whether a constitutional error was harmless. Where a constitutional error has been found to exist and the issue is whether the error is harmless, the question of what parts of the record are relevant must be answered in the identical manner as in *Reiger*: at least the whole trial transcript. *United States v. Hastings, supra.* That is certainly the conclusion we reached in *Herd v. Kincheloe,* 800 F.2d at 1528.

■ To summarize, the following is required by the rulings of the Supreme Court and this court: 1) before the district court can determine whether the constitutional error in Ruff's trial was harmless, it must review the entire state court record [4]; and 2) if the entire record is not supplied by the parties, the district court has a duty to obtain that record itself.[5] It is undisputed that the district court did not have the entire trial transcript before it when it considered Ruff's *habeas* petition. Therefore, the district court's entry of judgment for the state must be reversed and the case remanded.

Reversed and remanded for further proceedings consistent with this opinion.

BEEZER, Circuit Judge, dissenting

I respectfully dissent for two reasons.

First, the majority holds that "before the district court can determine whether the constitutional error in Ruff's trial was harmless, it must review the *entire* state court record" (emphasis added). I do not agree that reversal is required here simply because the district court reviewed only the "relevant" evidence and not the "entire record."

The majority opinion suggests that all *habeas* cases raising a constitutional claim subject to harmless error analysis must be reversed if the "entire record" has not been reviewed by the district court. For this sweeping proposition, the majority cites *United States v. Hastings,* 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983); *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986); and *Herd v. Kincheloe,* 800 F.2d 1526 (9th Cir.1986). I believe that this proposition is unsupported by prevailing precedent and is unlikely to prove well-conceived.

While both *Hastings* and *Chapman* addressed an application of the harmless error doctrine, neither case involved review of an erroneous *Sandstrom* instruction. A *Sandstrom* instruction necessarily involves the element of intent. For this reason, review of a decision involving *Sandstrom* error, in the absence of other claims, may reasonably be limited to those portions of the record which pertain to intent.

In determining whether a *Sandstrom* instruction is harmless, the Supreme Court said in *Rose,* that "the inquiry is whether the evidence was so dispositive of intent that a reviewing court can say beyond a reasonable doubt that the jury would have found it unnecessary to rely on the presumption." *Rose,* 106 S.Ct. at 3109 (quoting *Connecticut v. Johnson,* 460 U.S. 73,

---

**4.** The dissent mischaracterizes our holding. We do not conclude that review of the entire record is required for "all *habeas* cases raising a constitutional claim subject to harmless error analysis," dissent op. at 1243, but only for those cases in which a constitutional error has been established.

**5.** By "the entire record", we mean that the court must at least have the entire trial transcript. The only way to determine whether an unconstitutional jury instruction is harmless is to consider that instruction in the context of the other jury instructions and all of the testimony presented at the trial.

97 n. 5, 103 S.Ct. 969, 983 n. 5, 74 L.Ed.2d 823 (1983) (Powell, J., dissenting)).

The Supreme Court did not, in *Rose*, establish the rule that *Sandstrom* error necessitates review of the *entire* record. Nor did it establish the general rule, advocated by the majority, that "a constitutional error can only be found harmless after review of the entire record." (p. 4168)

While review of the entire record is obviously preferred and will be necessary in most *habeas* cases, I do not believe that failure to review the entire record in this *habeas* case, involving a *Sandstrom* error and failure to dispute intent at trial, requires reversal.

When the district court has before it a sufficiently comprehensive portion of the relevant record to establish beyond a reasonable doubt that the constitutional error was harmless, and the error relates to an element conceded by the petitioner at trial, reversal on the ground that a reviewing court "must review the entire record" is duplicative and unnecessary. This requirement is likely to become an excuse for compelling district courts to habitually *re* consider *habeas* petitions which have already been fairly reviewed and denied on the basis of all relevant evidence in the case.

While we stated in *Herd v. Kincheloe*, 800 F.2d 1526 (9th Cir.1986), that, "generally, a district court must review the entire record, and assess the weight of the evidence to determine [if the error alleged is harmless]," that statement should be read in context. The question presented in *Herd* was not whether the entire record or, alternatively, relevant portions of that record ought to be examined before the reviewing court could fairly conclude "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). The question presented in *Herd* was whether an erroneous *Sandstrom* instruction was harmless in light of eyewitness testimony that the defendant had acted intentionally. From relevant portions of the record, we concluded

that the evidence was "so dispositive of intent that the reviewing court [could] say beyond a reasonable doubt," *Rose*, 106 S.Ct. at 3109, that the *Sandstrom* error was harmless. *Herd*, 800 F.2d at 1528. Whether the entire record was necessary to arrive at a fair determination of harmless *Sandstrom* error was not at issue in *Herd*. Accordingly, reference to "review of the entire record" in future *Sandstrom* cases is not essential to the *Herd* holding; that passing proscription is dictum.

The foregoing interpretation of *Herd* is supported by our holding in *Reiger*, 789 F.2d at 1428. In *Reiger*, we concluded that, a district court must only have "independently reviewed all relevant portions of the state court record" to warrant affirming summary denial of a *habeas* petition. *Id.* at 1428. We did not conclude that the *entire* record must be reviewed in all such cases.

Careful review of all relevant portions of the trial record indicates that Ruff did not dispute overwhelming evidence proffered by the government that Ruff possessed the requisite intent to commit the crime. Ruff offered, in defense, only an alibi; Ruff contended that he was not present at his brother's residence when the fire started. Thus, Ruff himself took the issue of intent from the jury.

In *Connecticut v. Johnson*, 460 U.S. 73, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983), Justice Blackmun, writing for the Court, specifically addressed such a situation:

In addition, a *Sandstrom* error may be harmless if the defendant conceded the issue of intent [citations omitted].... In presenting a defense *such as alibi*, insanity, or self-defense, a defendant may in some cases admit that the act alleged by the prosecution was intentional, thereby sufficiently reducing the likelihood that the jury applied the erroneous instruction as to permit the appellate court to consider the error harmless.

*Id.* at 87, 103 S.Ct. at 977 (emphasis added).

Unlike *Herd*, Ruff's appeal presents the narrow question whether review of the entire record for evidence rendering *Sandstrom* error harmless is required, where

those portions of the record relevant to petitioner's claim are dispositive on the issue of intent. Relevant portions of the record, reviewed by this court and by the district court, included complete jury instructions, eyewitness testimony of Ruff's commission of the arson, and other overwhelming evidence of intent.

In view of Ruff's defense and in lieu of those portions of the record reviewed by the district court, it is apparent that the *Sandstrom* error did not contribute to the jury's verdict and that the instruction was, therefore, harmless beyond a reasonable doubt. *See Church v. Kincheloe*, 767 F.2d 639, 643 (9th Cir.1985) (*Sandstrom* error harmless when defendant did not contest intent), *cert. denied*, —— U.S. ——, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986); *Herd v. Kincheloe*, 800 F.2d 1526, 1528–29 (9th Cir. 1986) (same); *cf. Connecticut v. Johnson*, 460 U.S. 73, 87, 103 S.Ct. 969, 977, 74 L.Ed.2d 823 (1983) (*Sandstrom* instruction may not be harmless error if intent is contested).[1]

Since all relevant portions of the record were reviewed and these portions are sufficiently dispositive to render the *Sandstrom* error harmless, reversal for failure to review the entire record would seem to be unnecessary and, thus, wasteful of judicial resources.

Secondly, the majority holds that "if the entire record is not supplied by the parties, the district court has a duty to obtain that record itself." (p. 4171) Again, I respectfully disagree.

The majority accurately observes that, "[i]n *Austad* [*v. Risley*, 761 F.2d 1348 (9th Cir.) (en banc), *cert. denied*, 474 U.S. 856, 106 S.Ct. 163, 88 L.Ed.2d 135 (1985)], we concluded that under 28 U.S.C. § 2254(d), (e), the district court had no duty *sua sponte* to obtain and examine state court exhibits unless the *habeas* petitioner is unable to produce the record. *Austad*, 761 F.2d at 1351–54." (p. 4171)

The majority also accurately observes that, "[t]he statute governing federal *habeas* petitions requires that when a petitioner challenges a trial court's factual determinations, those factual determinations shall be presumed to be correct and the petitioner carries the burden of production. 28 U.S. C. § 2254(d), (e)." (pp. 4169–70)

Finally, the majority correctly points out that, in *Reiger*, we concluded a district court should review "'relevant portions of the state court record' [*Reiger*, 789 F.2d 1425, 1429 (9th Cir.1986) for mixed questions of law and fact in *habeas* petitions...." (p. 4170)

Here, the legal question is conceded; the government has stipulated that the *Sandstrom* instruction amounts to constitutional error. The factual inquiry, whether sufficient evidence of intent was introduced at trial, was decided by the district court. Petitioner failed to identify any additional portions of the record in his state court trial upon which he would rely in support of his petition, despite repeated requests (by this court and the district court) to do so. Since petitioner has neither carried the burden of production nor demonstrated

1. This case might have been resolved under the exacting "cause and prejudice" standard of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Ruff failed to object to the *Sandstrom* instruction at trial or on direct appeal. He first objected to the *Sandstrom* instruction in his personal restraint petition. The failure to object to a burden-shifting jury instruction at trial or on direct appeal constitutes a procedural default under Washington law. *See In re Music*, 104 Wash.2d 189, 704 P.2d 144 (1985); *In re Hagler*, 97 Wash.2d 818, 650 P.2d 1103 (1982). A habeas petitioner must demonstrate "cause and prejudice" when a state court denies relief due to a procedural default. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986). It is unlikely that Ruff

could satisfy either prong of the cause and prejudice standard. *See Bates v. Blackburn*, 805 F.2d 569 (5th Cir.1986) (habeas petitioner who did not object to *Sandstrom* instruction unable to demonstrate "cause" excusing his procedural default), *cert. denied*, —— U.S. ——, 107 S.Ct. 3190, 96 L.Ed.2d 678 (1987); *Johnson v. Blackburn*, 778 F.2d 1044 (5th Cir.1985) (same); *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982) ("prejudice" exists only when the ailing instruction by itself so infects the entire trial that the resulting conviction violates due process). The State did not, however, seek the application of the cause and prejudice standard. Thus, I need not more thoroughly consider the question here.

that he is unable to do so, the district court is not obligated to call up *sua sponte* the state court record. *Austad,* 761 F.2d at 1351–54.

Even if the remaining question were one of "mixed law and fact," our holding in *Austad,* 761 F.2d at 1351–54, clearly requires petitioner to either produce the record or demonstrate that he is unable to do so. In this case, petitioner has repeatedly declined to produce the record or to demonstrate that he is unable to do so.

In response, the majority offers our reasoning in *Chaney.* In *Chaney,* however, constitutional errors beyond the erroneous *Sandstrom* instruction were alleged and the district court failed to review *any* part of the state trial record. Under such circumstances, the need for reversal and *sua sponte* review is beyond dispute.

By narrowing our *Reiger* and *Austad* holdings and by attaching new authority to our dictum in *Herd,* the majority appears to relieve habeas petitioners of the duty to provide *any* portion of the record which will support their claim for relief. The majority has placed the burden squarely upon the reviewing court to produce the entire record.

Even in cases such as this one, where all relevant portions of the record have been reviewed, where the only element implicated by constitutional error has been taken from the jury by petitioner, and where petitioner has repeatedly declined to identify or provide the reviewing courts with any portion of the record or demonstrate that he was unable to do so, the burden to produce the record *sua sponte* is now on the reviewing court.

The effect of this decision is predictable. By dictating reversal each time a district court fails to review the "entire" record, even in cases where review of all relevant portions of the record suffices to fairly decide the *Sandstrom* question, and by insisting that the reviewing court bear the administrative burden of producing the record *sua sponte* when petitioner is able but unwilling to do so, the majority increases the burden on reviewing courts without foreseeable benefit.