**Michael Dean VICKS,
Petitioner–Appellant,**

v.

**William BUNNELL, Superintendent,
Respondent–Appellee.**

**No. 88–5947.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 2, 1989.*

Decided May 23, 1989.

Michael Dean Vicks, Pro per, Tehachapi, Cal.

Holly D. Wilkens, Deputy Atty. Gen., State of Cal., San Diego, Cal., for respondent-appellee.

Before SNEED, REINHARDT and BRUNETTI, Circuit Judges.

SNEED, Circuit Judge:

Michael Dean Vicks, a state prisoner, appeals in propria persona from the denial of his petition for a writ of habeas corpus. Vicks argues that the California courts based his conviction on insufficient proof, admitted prejudicial evidence at his trial, improperly enhanced his sentence, and incorrectly instructed the jury. We reverse and remand.

I.

FACTS AND PROCEEDINGS BELOW

Vicks, according to a jury in the Superior Court of the County of San Diego, took part in a heinous crime spree in Southern California during the spring of 1983. The evidence persuaded them that, with an accomplice, Vicks abducted and sexually assaulted several women while armed with a gun. The jury convicted him of one count of kidnapping for the purpose of robbery while personally armed with a firearm, six counts of robbery while armed with a firearm, one count of sodomy in concert while armed with a firearm, one count of kidnapping while personally armed with a firearm, one count of attempted robbery while personally armed with a firearm, and two counts of kidnapping while armed with a firearm. The court imposed one sentence of imprisonment for life plus two years and a second, consecutive, sentence of imprisonment for thirty-five years and eight months.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Vicks appealed to the California Court of Appeal, which reversed his conviction of one count of sodomy in concert, but otherwise upheld the jury's verdict. The California Supreme Court denied review. On October 7, 1986, having exhausted his state remedies as required by 28 U.S.C. § 2254 (1982), Vicks filed a petition for a writ of habeas corpus in the United States district court. On December 18, 1987, the district court dismissed the petition. Vicks timely appealed to this court. As discussed more fully below, the record before us unfortunately contains no transcripts of Vicks' state court trial. From the docket sheet and from information obtained through the district court, it appears that Vicks never lodged any such transcripts.

## II.

## JURISDICTION

The district court had jurisdiction to consider Vicks' petition for a writ of habeas corpus under 28 U.S.C. § 2254(a) (1982). We have jurisdiction over Vicks' appeal under § 2253.

## III.

## STANDARD OF REVIEW

We review de novo the denial of a writ of habeas corpus. *See Carter v. McCarthy,* 806 F.2d 1373, 1375 (9th Cir.1986), *cert. denied,* —— U.S. ——, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987).

## IV.

## NECESSITY OF THE STATE COURT TRANSCRIPTS

Vicks, as noted above, asks us to grant him relief on four grounds. In light of *Ruff v. Kincheloe,* 843 F.2d 1240 (9th Cir. 1988) and *Willard v. California,* 812 F.2d 461 (9th Cir.1987), as we will explain, the jury instruction issue that Vicks raises requires a review of the entire record. The district court could not perform this review

because it did not have the state court transcripts. We therefore must reverse and remand the case. We shall refrain from reviewing the other issues until the district court has considered the entire record.

The portion of the record that we do have in this case reveals why a remand is necessary. It shows that the state trial court based one of the jury instructions on CALJIC No. 3.01 (1979) (current version at CALJIC 3.01 (1984)), which explained that mere knowledge of the perpetrator's unlawful purpose satisfies the mens rea requirement for aiding and abetting. In *People v. Beeman,* 35 Cal.3d 547, 560, 199 Cal.Rptr. 60, 68, 674 P.2d 1318, 1325 (1984), however, the California Supreme Court ruled CALJIC 3.01 (1979) defective because aiding and abetting requires the specific "intent or purpose of committing, encouraging or facilitating the commission of the offense."

Our recent decision in the nearly identical *Willard* case illustrates our approach to *Beeman* errors.[1] We noted in *Willard* that due process requires a state to prove every element of crime beyond a reasonable doubt, *see In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970), and that the defective CALJIC 3.01 may have allowed the government effectively to presume intent, *see Francis v. Franklin,* 471 U.S. 307, 313, 105 S.Ct. 1965, 1970, 85 L.Ed.2d 344 (1985); *Sandstrom v. Montana,* 442 U.S. 510, 523, 99 S.Ct. 2450, 2458, 61 L.Ed.2d 39 (1979). *See* 812 F.2d at 464. We then ruled that any constitutional error in *Willard* was harmless beyond a reasonable doubt. *See id.*

We cannot make that determination here because we do not have the state court transcripts at this time. We stated in *Ruff* that "before the district court can determine whether [a] constitutional error ... [is] harmless, it must review the entire state court record; and ... if ... the entire record is not supplied by the parties, the district court has a duty to obtain that

---

1. The district court's order dismissing Vicks' petition did not discuss *Willard.* The court, instead, relied on state court decisions similarly concluding that *Beeman* errors can be non-prejudicial.

record itself." *Id.* at 1243 (footnote omitted). We added: "By 'the entire record', we mean that the court must at least have the entire trial transcript. The only way to determine whether an unconstitutional jury instruction is harmless is to consider that instruction in the context of the other jury instructions and all of the testimony presented at trial." *Id.* at 1243 n. 5.

The district court, accordingly, should obtain the state court transcripts and reconsider Vicks' entire petition in light of *Willard* and *Ruff.*

REVERSED and REMANDED.