992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth C. VOSBERG, Petitioner-Appellant,
v.
Richard H. HART, Honorable Judge in and for the Fifth
Judicial District, State of Colorado; Frank
Gunter, Executive Director of the
Colorado Department of
Corrections,
Respondents-
Appellees.
 No. 92-1282.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1993.
 
 Before McKAY, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 HOLLOWAY, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Kenneth C. Vosberg, a Colorado state prisoner, appeals from the district court's denial of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Petitioner was convicted on March 14, 1985, of illegal sexual conduct with a child in violation of Colo.Rev.Stat. § 18-3-405. Petitioner's conviction was upheld on appeal by the Colorado Court of Appeals. Although petitioner raised his claim of ineffective assistance of counsel on appeal, the state appellate court declined to address this claim because it had not been presented to the trial court, suggesting that petitioner bring the claim under Rule 35(c) of the Colorado Rules of Criminal Procedure.
 
 
 3
 On August 29, 1989, petitioner filed a Rule 35(c) motion in the trial court, alleging that his retained counsel had (1) pursued a course of defense not recognized under the law, (2) failed to impeach and limit the damaging testimony of the prosecution witnesses, (3) erroneously stipulated to the unavailability of the victim, (4) erroneously stipulated to the fact that the child had suffered a sexual assault without advising petitioner of the consequences, (5) failed to enter objections to highly prejudicial testimony, (6) failed to zealously argue for inclusion of certain jury instructions, (7) put forth a defense strategy that lacked reasonable basis, (8) engaged in inartful and untactful cross-examination, and (9) failed to effectively attack the case against him.
 
 
 4
 It appears that the only evidence received by the Colorado trial court at the Rule 35(c) hearing was the testimony of petitioner's expert, Craig L. Truman, a Denver attorney. On behalf of petitioner, Mr. Truman testified that he had reviewed the trial transcript and that, in his opinion, counsel's performance fell below the level of reasonably competent assistance of which petitioner was constitutionally entitled. He further stated that, if not for counsel's incompetency, the outcome of the trial may have been different. The record does not indicate that petitioner's trial counsel was ever heard from regarding petitioner's claim of ineffectiveness.
 
 
 5
 The Colorado trial court, while acknowledging that counsel's performance had some obvious deficiencies, denied petitioner's Rule 35(c) motion, concluding that, even if defense counsel's performance fell below a reasonable standard, petitioner suffered no prejudice. Petitioner appealed this decision to the Colorado Court of Appeals which affirmed without benefit of the trial transcript or state court record. See Appellant's App., Colo. Ct. of Appeals Order at 2. Petitioner then filed his petition for habeas corpus relief in federal district court.
 
 
 6
 "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). The Supreme Court set forth a two-pronged standard for judicial review of claims of ineffective counsel. A reversal of a conviction on the ground that counsel was ineffective requires proof that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694.
 
 
 7
 The federal district court denied petitioner's motion for transcript, determining that the briefs and exhibits provided were sufficient for resolution of petitioner's claims. Appellant's App., Order Denying Petition for Writ of Habeas Corpus at 1. The district court's order relies on the conclusions of the state court judge that "any errors [of trial counsel] did not rise to the level of undermining the integrity of the trial or working a prejudice against Petitioner." Id. at 2-3. Giving the findings of the state courts deference, id. at 4, the district court held that "there is absolutely no evidence that any of the alleged errors unfairly prejudiced Petitioner, denied him a fair trial, or [a]ffected the jury's verdict." Id. at 6.
 
 
 8
 The court, sitting in habeas corpus, has the power to compel production of the entire state court record, including a transcript of trial testimony. Townsend v. Sain, 372 U.S. 293, 319 (1963). Ordinarily the federal habeas judge needs the record to determine whether the applicant received "a full and fair state-court evidentiary hearing resulting in reliable findings." Id. In conformity, this court has held that a court sitting in habeas corpus should examine the allegations and the facts for itself to determine if the state court proceedings were constitutionally defective. Miller v. Crouse, 346 F.2d 301, 307 (10th Cir.1965).
 
 
 9
 Pursuant to 28 U.S.C. § 2254, state court factual determinations are presumed to be correct unless the applicant establishes, or the respondent admits, one of several specified deficiencies concerning the state proceeding and findings, including whether the state court record "considered as a whole," does not fairly support the factual determinations of the state court; otherwise the applicant bears the burden to establish by convincing evidence that the factual determinations by the state court were erroneous. Sumner v. Mata, 449 U.S. 539, 544-45 (1981). In any event, an adequate state court record must be available for review and must be considered for proper findings and a decision by the federal habeas court.
 
 
 10
 We conclude that the proper disposition of the case is to remand to the federal district court for further proceedings in light of a more comprehensive review of the state court record.[1] See Vicks v. Bunnell, 875 F.2d 258, 259-60 (9th Cir.1989) (holding district court unable to adequately determine whether erroneous jury instruction was harmless error without review of trial transcript); Dickerson v. Alabama, 667 F.2d 1364, 1366-67 (11th Cir.) (federal district court could not have properly made determination that record supported state court determination where trial transcript was not made part of habeas record), cert. denied, 459 U.S. 878 (1982). Respondents state in their brief that the trial transcripts and records from petitioner's criminal trial and the Rule 35(c) hearing are available and obtainable from the District Court of Lake County, Colorado. Answer Br. at 2-3 n. 1.
 
 
 11
 Accordingly, we VACATE the judgment below and REMAND with instructions that the federal district court require counsel to obtain the trial transcripts and records from petitioner's state criminal trial and the state Rule 35(c) hearing and submit them to the court below. Following consideration of such record and any further proceedings the court deems proper, new findings, conclusions and a decision shall be entered by the district court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 For example, we note that petitioner alleges that defense counsel himself, in his opening statement, made remarks to the jury regarding inadmissible evidence of petitioner's past alcohol and drug problems. Opening Br. at 15-16. Petitioner alleges further that his counsel did not object to the admissibility of testimony of a social worker as to her opinion of the truthfulness of the victim. Id. at 15. These allegations and others similar in nature raise questions regarding the effectiveness of defense counsel, and the district court cannot decide the possible prejudicial impact of this conduct without review of the trial record