76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allen Bernard GOODEN, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 95-55244.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Allen Bernard Gooden appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his 1983 murder conviction on the grounds that his confession was improperly obtained and that his counsel was ineffective. We have jurisdiction pursuant 28 U.S.C. § 2253. We review de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and affirm.
 
 
 3
 * Background
 
 
 4
 On October 23, 1983, a criminal complaint was filed against Gooden and attorney Elizabeth Semel was appointed to represent Gooden through a contract with the Office of Defender Services ("ODS"). On the day of Gooden's preliminary hearing, attorney Semel was relieved as counsel, the hearing was continued, and the court minutes reflect that attorney James Duchnick was appointed as counsel.
 
 
 5
 On December 15, 1983, Gooden telephoned the San Diego Police Department from jail and asked to meet with police detectives and the deputy district attorney. The deputy district attorney declined to meet with Gooden and called ODS to advise them that police would be meeting with Gooden at the jail. After being informed by ODS that no attorney had yet been assigned to the case, attorney Semel went to the jail and advised Gooden not to talk to the police who had arrived at the jail. As the police were leaving, one of the detectives advised Gooden that if he wanted to speak in the future to give them a call anytime.
 
 
 6
 Later that day, Gooden called the police station, renewed his request to speak, and specifically stated that he did not want his attorney present. When police arrived at the station, they advised Gooden of his right to have counsel present and of the seriousness of talking to the police without the presence of counsel. Gooden subsequently confessed to first degree murder under the felony murder rule.
 
 II
 Merits
 A. Confession
 
 7
 Gooden contends that the police improperly elicited his confession by telling him that he could call them if he wanted to talk. This contention lacks merit.
 
 
 8
 The Sixth Amendment right to counsel is violated when the government deliberately elicits incriminating statements from a defendant after he has been indicted and in the absence of his counsel. Massiah v. United States, 377 U.S. 201, 206 (1964). "The standard for waiver of the rights under the sixth amendment is the same as that for the fifth amendment, that is, voluntary, knowing and intelligent." United States v. Binder, 769 F.2d 595, 599 (9th Cir.1985). If, after securing his right to counsel, a suspects initiates further discussions about his case, courts consider the totality of the circumstances to determine whether he has knowingly and intelligently waive the right to counsel. See Oregon v. Bradshaw, 462 U.S. 1039, 1046 (1983).
 
 
 9
 Here, the district court properly concluded that Gooden's Sixth Amendment right was not violated. Although the police officers did tell Gooden that he could call them if he so desired, they made this statement in the presence of counsel. Gooden voluntarily initiated the contact with the police the next day and offered his confession, specifically stating that he did not want counsel present. There is no evidence that the confession was obtained through physical or psychological mistreatment or trickery on the part of the police.
 
 B. Ineffective Assistance of Counsel
 
 10
 Gooden contends he received ineffective assistance of counsel because neither attorney Semel nor attorney Duchnick sought a competency hearing or a psychiatric examination to determine whether Gooden was competent to waive counsel.[1] These contentions lack merit.
 
 
 11
 First, Semel was relieved of counsel of record at an early stage of the proceedings, prior to Gooden's preliminary hearing. At this early stage, it was not outside the range of professional conduct for Semel to make a decision not to seek a psychiatric evaluation. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 12
 Second, the district court, relying on findings in the state court's opinion, specifically noted that attorney Duchnick did obtain two psychiatric evaluations for Gooden. The state court's factual conclusion on this issue is entitled to a presumption of correctness. See Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993); Evans v. Raines, 800 F.2d 884, 887 (9th Cir.1986) (noting that issue of competency to waive right to counsel is entitled to presumption of correctness). Gooden has failed to overcome this presumption by showing that the state court record does not fairly support this factual determination. See Ruff v. Kincheloe, 843 F.2d 1240, 1242 (9th Cir.1988) (noting that petitioner carries the burden of production when challenging trial court's factual determination). The district court did not err by rejecting this claim.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Gooden's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gooden also contends that the trial court erred by failing to sua sponte order a competency hearing and that attorney Semel was ineffective because she did not ensure that Gooden would be represented by another attorney when she was relieved as counsel. Because these issues were not raised in the district court, Gooden is precluded from raising them for the first time in this appeal. See Morgan v. Bunnell, 24 F.3d 49, 52 (9th Cir.1994)