134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph Earl SMITH, Jr., Petitioner-Appellant,
v.
Ivalee HENRY, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-56603.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before. BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Joseph Earl Smith ("Smith"), a California state prisoner, appeals from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] We have jurisdiction pursuant to 28 U.S.C. § 2253. A district court's denial of a habeas petition is reviewed de novo Jones v. Wood, 114 F.3d 1002, 1008 (9th Cir.1997). We affirm because Smith has failed to allege facts necessary to support his petition for habeas corpus.
 
 
 3
 * In his petition, Smith states that his "history of mental illness ... was not addressed to the Court nor was it examined by the Public Defender assigned to represent the Petitioner." (Smith's Pet. at 6.) He argues that a hearing is required in the district court to address this issue. Although it is unclear what type of constitutional claim Smith seeks to present, we will liberally construe his petition because Smith is acting pro se. Brock v. Weston, 31 F.3d 887, 890 (9th Cir.1994).
 
 
 4
 First, Smith may have intended to allege that the trial court violated his right to due process by not inquiring about his competency to enter a plea. "Due process requires a trial court to hold a competency hearing sua sponte whenever the evidence before it raises a reasonable doubt whether a defendant is mentally competent." Miles v. Stainer, 108 F.3d 1109, 1112 (9th Cir.1997). The court should consider "evidence of the defendant's irrational behavior: his demeanor in court, and any prior medical opinions on his competence." Id. Smith does not allege any facts to suggest that his behavior before the state court warranted an inquiry into his competence to enter a plea. Additionally, Smith does not suggest that the court ignored prior medical opinions regarding his competence.
 
 
 5
 Second, Smith may have intended to allege that he received ineffective assistance of counsel because his counsel failed to request a competency hearing on his behalf. To make out a constitutional claim for ineffective assistance of counsel, Smith must show that 1) his counsel's representation fell below reasonable standards, and 2) his counsel's representation was prejudicial to him. Strickland v. Washington, 466 U.S. 668, 687 (1984). "To demonstrate prejudice petitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " United States v. Popoola, 881 F.2d 811, 813 (9th Cir.1989) (quoting Strickland, 466 U.S. at 694).
 
 
 6
 Smith failed to present any evidence to suggest that his counsel's representation fell below reasonable standards. Smith does not allege that his counsel received information about his condition that she refused to bring to the court's attention. Smith does not allege that his counsel should have been aware from his behavior that he was incompetent to enter a plea. Additionally, Smith fails to assert in his petition that but for his counsel's errors, he would not have entered a plea of nolo contendere Due to the absence of such facts Smith's first claim does not warrant an evidentiary hearing. See Campbell v. Wood, 18 F.3d 662, 679 (9th Cir.1994) ("An evidentiary hearing is not required on allegations that are 'conclusory and wholly devoid of specifics.' ") (citing Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir.1970).
 
 II
 
 7
 In support of Smith's second claim alleging ineffective assistance of counsel, Smith presents several examples of his counsel's alleged failure to prepare and provide an adequate defense.[2] Smith fails to demonstrate that his counsel's representation fell below reasonable standards. Smith points to several avenues of investigation that he states counsel "refused" to explore. The word "refused" implies that counsel was requested to follow these leads. However, Smith fails to allege any facts to indicate that such actions by his counsel would have led to exculpatory evidence or assisted in exonerating Smith of the charges against him.
 
 
 8
 Smith also fails to show that counsel's representation prejudiced him. Smith asserts for the first time on appeal that but for his counsel's ineffective assistance in preparing for trial, he would not have plead nolo contendere. We will not consider this allegation. See Duckett v. Godinez, 67 F.3d 734, 743 (9th Cir.1995) (citing Willard v. California, 812 F.2d 461, 465 (9th Cir.1987) (refusing to consider claims raised for the first time on appeal). Without any factual basis for Smith's allegations, a hearing on Smith's second claim is also unwarranted. See Campbell, 18 F.3d at 679.
 
 III
 
 9
 Smith contends that his sentence is excessive and violates California sentencing guidelines. We are not in a position to review a violation of state law unless it rises to the level of a constitutional violation. See Guzman v. Morris, 644 F.2d 1295, 1297-98 (9th Cir.1981) (refusing to consider allegations of state sentencing law violations because they did not raise any issue of federal law). In his petition, Smith does not contend that the misapplication of California sentencing guidelines violates his constitutional rights. Therefore, this is not a federal question and thus is not open for review in this forum.
 
 IV
 
 10
 Smith contends on appeal that the district court erred in reviewing his petition because the court did not review the entire state record. Smith cites Vicks v. Bunnell, 875 F.2d 258 (9th Cir.1989), and Ruff v. Kincheloe, 843 F.2d 1240 (9th Cir.1988), to support this argument. In those cases, however, the claims alleged by petitioners were directly related to events at trial, thus requiring a review of the trial transcripts to ascertain whether a constitutional error was harmless. Smith was incarcerated subject to his plea of nolo contendere. There was no trial, and thus no trial transcripts to be reviewed by the district court. Furthermore, Smith's argument cannot remedy his failure to allege facts sufficient to support any constitutional violations. The Magistrate Report in this case is thorough and amply supported by the record and relevant case law.
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Smith's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Smith filed his petition on October 12, 1995, prior to the effective date of the amendments enacted by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 State. 1214 (1996) ("AEDPA"). Therefore, we need not consider the effect of the AEDPA on Smith's petition. Lindh v. Murphy, 117 S.Ct. 2059, 2068 (1997)
 
 
 [2]
 Specifically, Smith alleges in his petition that his counsel "failed and refused to render legal assistance that consists of but not limited to; 1) skillful legal work, 2) attorney work product, and all other positive benefits associated with diligence." Smith stated that his counsel refused to 1) seek character witnesses to collaborate his whereabouts, 2) determine whether confiscated items belonged to Smith, 3) investigate, 4) submit records of prior medical treatment, and 5) plan and implement a defense strategy. (Smith Pet. at 7.)
 
 
 [3]
 We also deny Smith's motion for discovery as untimely. Smith fails to explain his delay. See Christian v. Rhode, 41 F.3d 461, 470 (9th Cir.1994)