141 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cornelius LASTER Petitioner-Appellant,
v.
James GOMEZ, Director of the California Dept. of
Corrections; Peggy Kernan, Warden, Respondents-Appellees
 No. 97-16349.
D.C. No. CV-95-00975-MHP.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1998.
Decided Mar. 2, 1998.
 
 Appeal from the United States District Court for the Northern District of California Marilyn Hall Patel, Chief Judge, Presiding.
 Before SCHROEDER, FARRIS and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We review de novo the district court's denial of Laster's habeas corpus petition, Vicks v. Bunnel, 875 F.2d 258, 259 (9th Cir.1989). We affirm.
 
 
 3
 Although better instructions might have benefitted the jury, omission of the requested instructions did not rise to the level of a constitutional violation. Their absence could not have infected the entire trial because everything the jury needed to decide these crimes was already before it.
 
 
 4
 To obtain federal collateral relief for errors in a jury charge, the petitioner must first show that the improper instruction so infected the entire trial that the resulting conviction ... render[s] the trail fundamentally unfair. Estelle v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The error must have had "substantial and injurious effect or influence in determining the jury's verdict." California v. Roy, 519 U.S. 2, 117 S.Ct. 337, 136 L.Ed.2d 266 (1996). An omission or an incomplete jury instruction is less likely to be prejudicial than a misstatement of the law. Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977)(finding that the trial court's failure to provide a definition of causation in the context of the entire instruction, did not warrant reversal of a habeas petitioner's murder conviction). Moreover, it is the "rare case" in which an improper instruction will justify reversal of a criminal conviction when no objection was made in the trial court. Namet v. United States, 373 U.S. 179, 190, 83 S.Ct. 1151, 10 L.Ed.2d 278 (1963).
 
 
 5
 All these strictures on finding unconstitutionality make Laster's burden onerous. He does not argue that the judge misstated the law, nor did he object at trial to any instructions. He argues only that he was prejudiced by the lack of an instruction on (1) the definition "attempt to detain" and (2) the "reasonable suspicion" requirement for lawful detention.
 
 
 6
 With respect to Laster's first argument, it is not unlawful for the police to follow someone without suspicion of criminal activity. People v. Escarcega, 43 Cal.App.3d 391, 396, 117 Cal.Rptr. 595 (1974). On the other hand, it is unlawful to attempt to detain someone without rational suspicion of the same. See CALJIC 9.27. Despite the lack of an instruction on the definition of "attempt to detain," the issue of whether the officers established a consensual contact or a detention was adequately placed before the jury during Detective Lugo's testimony. See ER 232-233, 318. The court's failure to provide an instruction did not so taint the trial as to make it unconstitutional. Estelle, 502 U.S. at 72.
 
 
 7
 As for Laster's second argument, the jury was not completely uninformed about the standards for lawful detention. The district court gave extensive instructions on the requirements for lawful arrest, which are more stringent than the requirements for detention or attempted detention. Arrest requires "probable cause", not mere "rational suspicion." The minimum requirements of United States v. Sokolow, 490 U.S. 1, 7-8, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) were met.
 
 
 8
 JUDGMENT DENYING WRIT AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Circuit Rule 36-3