141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Edward JIROVEC, Petitioner-Appellant,
v.
Tana WOOD, Respondent-Appellee.
 No. 97-35345.
D.C. No. CV-96-05122-RJB.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 5, 1998.
Decided April 8, 1998.
 
 Appeal from the United States District Court for the Western District of Washington Robert J. Bryan, District Judge, Presiding.
 MEMORANDUM*
 Before SCHROEDER, ALARCN and HAWKINS, Circuit Judges.
 
 
 1
 David Edward Jirovec, a state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He was convicted of aggravated murder in the first degree in Washington state court for his role in the contract killing of his wife, and is currently serving a sentence of life without parole. We affirm.
 
 I.
 
 2
 "Federal habeas corpus relief is limited to claims that allege a constitutional violation in the state criminal proceeding." Paradis v. Arave, 130 F.3d 385, 390 (9th Cir.1997). To bring a federal habeas corpus claim, Jirovec is required to first exhaust his constitutional claims in the highest state court by fully and fairly presenting those claims. See Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir.1994).
 
 
 3
 We construe a pro se prisoner's petition liberally. See Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (pro se pleadings "are held to less stringent standards than [those] drafted by lawyers"); Johnson v. Meltzer, 134 F.3d 1393, 1397 (9th Cir.1998); Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995).
 
 
 4
 Jirovec fully and fairly presented his allegations of constitutional violations in his pro se state court pleadings. Jirovec argued that his due process rights were violated because false testimony was allowed at his trial and he was sentenced as a result of that testimony, and specifically cited the Fifth and Fourteenth Amendments to the United States Constitution; in addition, Jirovec relied on federal cases that stand for the proposition that a conviction obtained through false information may constitute a due process violation.
 
 II.
 
 5
 Jirovec's argument that his due process rights were violated because he was convicted on the basis of false testimony fails.
 
 
 6
 To establish such a due process violation, Jirovec must show that the testimony was perjured and that the prosecution knowingly used perjured testimony during the trial. See United States v. Baker, 850 F.2d 1365, 1371 (9th Cir.1985); United States v. Reynoso-Ulloa, 548 F.2d 1329, 1340 (9th Cir.1977). Jirovec does not contend that the prosecution intentionally made use of false testimony.
 
 
 7
 Jirovec could also establish a due process violation by demonstrating that the recantations of Burns and Tobin, if found to be true, would entitle him to federal habeas corpus relief under the standard for newly discovered evidence. "Newly discovered evidence warrants federal habeas relief if it would
 
 III.
 
 8
 Finally, Jirovec's claim that the district court abused its discretion in refusing him an evidentiary hearing fails.[2] See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (the decision to deny an evidentiary hearing is reviewed for an abuse of discretion).
 
 
 9
 An evidentiary hearing is required where the facts are disputed and (1) the petitioner's allegations, if true, would establish the right to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts. See id. at 1415; Jones v. Wood, 114 F.3d 1002, 1010 (9th Cir .1997).
 
 
 10
 A portion of the record in this case was not available to the Washington state courts because it was not produced until after the Washington Supreme Court's decision (Tobin's 1995 affidavit and Burns's 1995 further recantation of his testimony). Because some of the relevant evidence was not available to the state courts, Jirovec's allegations cannot be resolved by reference to the state court record, and it was therefore not possible for the state court to find the relevant facts.
 
 
 11
 However, as discussed above, Jirovec's disputed allegations, if proved, would not establish the right to habeas relief. Therefore, an evidentiary hearing was not required.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, tit. I, does not apply to this case because the case was filed before the AEDPA went into effect
 
 
 [2]
 Jirovec also argues that the district court did not review the entire record. Where the district court fails to consider the entire state record and no hearing is conducted, reversal and remand is required to permit the district court to conduct an independent review of the entire record. See Jones v. Wood, 114 F.3d 1002, 1008 (9th Cir.1997); Vicks v. Bunnell, 875 F.2d 258, 259 (9th Cir.1989). There is no indication, however, that the district court did not review the entire record