Dajuma WATKINS, Petitioner–
Appellant,

v.

Doug WADDINGTON, Respondent–
Appellee.

No. 02–35981.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2004.

Decided July 30, 2004.

David B. Zuckerman, Esq., Law Office of David B. Zuckerman, Seattle, WA, for Petitioner–Appellant.

Dajuma Watkins, Aberdeen, WA, pro se.

John Joseph Samson, Esq., Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: B. FLETCHER, HAMILTON,* and BERZON, Circuit Judges.

MEMORANDUM **

Dajuma Watkins ("Watkins") appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We issued a certificate of appealability with respect to one issue: Whether the prosecution committed misconduct during closing argument in violation of appellant's federal constitutional rights.

This court reviews de novo a district court's decision to deny a habeas petition. *Killian v. Poole,* 282 F.3d 1204, 1207 (9th Cir.2002), *cert. denied,* 537 U.S. 1179, 123 S.Ct. 992, 154 L.Ed.2d 927 (2003). As the facts are familiar to the parties, we do not recite them here except as necessary to understand our disposition. We vacate the district court's denial of Watkins's habeas petition and remand so that the transcript of the state court proceedings can be obtained and reviewed.

---

\* Honorable Clyde H. Hamilton, United States Senior Circuit Judge for the Fourth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court should have requested, sua sponte, Watkins's state trial transcript.

The habeas statute requires petitioners who attack the sufficiency of the evidence against them to provide the relevant record or show that they are unable to obtain it.[1] *See* 28 U.S.C. § 2254(f). Ninth Circuit law so recognizes. *See Austad v. Risley*, 761 F.2d 1348, 1351 (9th Cir.1985) (en banc) (reviewing habeas petitioner's due process violation claim regarding unfair pretrial publicity). Under Ninth Circuit law, however, a federal district court itself must obtain and examine state court records when a habeas petitioner seeks review of a mixed question of fact and law. *See Ruff v. Kincheloe*, 843 F.2d 1240, 1242 (9th Cir.1988); *Chaney v. Lewis*, 801 F.2d 1191, 1194 (9th Cir.1986); *Reiger v. Christensen*, 789 F.2d 1425, 1428–29 (9th Cir. 1986).

In general, a mixed question is one "in which the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard, or to put it another way, whether the rule of law as applied to the established facts is or is not violated." *Pullman–Standard v. Swint*, 456 U.S. 273, 289 n. 19, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982). *See also Suzy's Zoo v. Comm'r of Internal Revenue*, 273 F.3d 875, 878 (9th Cir.2001) ("A mixed question of law and fact exists when primary facts are undisputed and ultimate inferences and legal

consequences are in dispute."); *In re Bammer*, 131 F.3d 788, 792 (9th Cir.1997) (en banc) ("Mixed questions ... require consideration of legal concepts and the exercise of judgment about the values that animate legal principles.").

Applying these standards, we conclude that Watkins's prosecutorial misconduct claim presented a mixed question of fact and law. Resolution of a prosecutorial misconduct claim does not require determination of any historical facts; what was said or not said at the trial is a matter of record. Instead, resolution of a prosecutorial misconduct claim concerning comments in closing argument requires an inquiry into whether "the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). As such, clearly established Supreme Court law requires an inquiry into whether the prosecutor manipulated or misstated the evidence, *id.* at 181–82, 106 S.Ct. 2464; the weight of the evidence against the defendant; *id.* at 182, 106 S.Ct. 2464; and whether the prosecutor's comments were responsive to earlier defense arguments. *Id.* If a court finds that misconduct did occur, it will also typically consider whether the trial court judge issued curative instructions to the jury. *See, e.g., Turner v. Calderon*, 281

---

1. The subsection states:

   If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the rec-

   ord, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.

   28 U.S.C. § 2254(f).

F.3d 851, 869 (9th Cir.2002); *Johnson v. Sublett,* 63 F.3d 926, 930 (9th Cir.1995); *Burks v. Borg,* 27 F.3d 1424, 1430–31 (9th Cir.1994).

Conducting a *Darden* analysis requires the district court to review the relevant transcript. Only review of a transcript will allow the court to place the prosecutor's statements in context, to compare the statements for accuracy with regard to the evidence adduced at trial, and to thereby determine the relevant legal question: whether the trial overall was fundamentally fair.

We conclude that under this court's precedents the trial court was obliged to obtain the state court transcripts before deciding Watkins's prosecutorial misconduct claim

As respondent observes, this case, unlike the *Reiger* line of cases, is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996). *See Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (settling AEDPA's effective date). AEDPA did not, however, alter the language of § 2254 central to this court's allocation of responsibility for ordering relevant state court records. Instead, as it pertains to this case, AEDPA simply ordered the redesignation of § 2254(e) as § 2254(f). Deference to state court factual findings existed pre-AEDPA and, in any event, does not determine who is responsible for obtaining state court records. We therefore reject the contention that AEDPA requires reconsideration of this court's precedents regarding the allocation of responsibility in a § 2254 case for obtaining the state court transcript.

The argument that Watkins should have obtained the transcripts himself or ex-plained why he could not do so is particularly unpersuasive in this case. Watkins was a pro se petitioner, and was under the misapprehension that the district court automatically received the trial transcript from the state. This was not an unreasonable assumption. Habeas Corpus Rule 5 requires the state to attach relevant portions of state court transcripts to its answer to a petition. *See* Rule 5 Governing § 2254 Cases ("The answer shall indicate what transcripts ... are available, [and] when they can be furnished.... There shall be attached to the answer such portions of the transcripts as the answering party deems relevant.")

For the foregoing reasons, we VACATE the district court's denial of Watkins's habeas petition, and REMAND for proceedings in light of this decision.